UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDRE MURPHY,

                Plaintiff,

    v.

C.O. NOWICKI, et al.,

                Defendants.
_____

<u>AMENDED SCHEDULING ORDER</u>

15-CV-6676L

        Pursuant to a letter having been received by Cheryl Meyers Buth, Esq., counsel for defendants, dated January 2, 2017, requesting a 90-day extension of the deadlines contained in this Court's September 8, 2016 Scheduling Order (Docket # 20), and opposing counsel having agreed to the requested extension, and good cause having been shown, it is

        ORDERED that:

        1.     The defendants may depose the plaintiff pursuant to Fed. R. Civ. P. 30(a), in person or by telephone at the correctional facility where plaintiff resides at the time of the deposition. The plaintiff shall be provided reasonable notice, at least 30 days in advance of the deposition, pursuant to Fed. R. Civ. P. 30(b)(1). If the plaintiff's deposition is to be taken in person, such security measures shall be taken as are necessary in the opinion of the superintendent of the correctional facility where the deposition is to be taken, including, but not limited to, the presence of corrections officers in the examining room, but provided that no officer assigned as a member of a security detail is a party to this action. Such deposition must be completed by **April 3, 2017**.

      2.      By no later than **April 10, 2017**, defendants shall provide to plaintiff the names of all persons who were present at, witnessed, or investigated the events from which the plaintiff's claims arose. Defendants shall also provide to plaintiff copies of any documents prepared by any employee of the State of New York, including the Inspector General, in connection with the events from which the plaintiff's claims arose including, but not limited to, the following:

> Incident reports, intra departmental memoranda, use of force reports, photographs, videotapes, witness statements, misbehavior reports, medical treatment records (if release is properly authorized), and transcripts of disciplinary hearings.

If counsel for one or more defendants in good faith believes that production of any of the required documents may disrupt or interfere with prison discipline or procedures, such documents may be produced only to the Court. Furthermore, the defendants and their counsel may redact documents produced to protect the identity of confidential informants, but unredacted copies shall be retained for production to the Court upon request.

      3.      All fact depositions shall be completed by no later than **July 3, 2017**.

      4.      Plaintiff shall identify any expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(A) and provide reports pursuant to Rule 26(a)(2)(B) and/or disclosures pursuant to Rule 26(a)(2)(C) by **July 17, 2017**. Defendants shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by **July 31, 2017**.

      5.      All expert depositions shall be completed by no later than **October 30, 2017**.

6. The **status conference** scheduled to be held with the undersigned at 2310 U.S. Courthouse, Rochester, New York on August 15, 2017, at 11:00 a.m., is adjourned to **November 14, 2017**, at **11:00 a.m.**, to discuss the status of the case and the possibility of settlement.

7. All discovery in this case shall conclude on **November 30, 2017**. All motions to compel discovery shall be made returnable on or before **January 2, 2018**.

8. Dispositive motions, if any, shall be filed no later than **January 2, 2018**. Unless a consent to proceed before this Court has been filed, such motions shall be made returnable before Judge Larimer.

9. Responding papers are due by **January 30, 2018**. Reply papers, if any, shall be filed by **February 13, 2018**. The motion will be taken under advisement without oral argument.

10. A trial date status conference pursuant to Fed. R. Civ. P. Rule 16(e) and Local Rule 16 will be held, if necessary, at a date and time to be determined by the trial judge after determination of dispositive motions. If no dispositive motions are filed, counsel shall **immediately** contact the trial judge so that a trial date status conference can be scheduled.

At least seven (7) days prior to the trial date status conference, the parties shall file a joint case status report setting forth the information described below. If the parties disagree as to the information to be provided, the report must set forth their different responses. The joint status report shall contain:

(1) Nature of the Case: Set forth a brief description of the action, identifying the parties, all counsel of record, the relief requested,

any affirmative defenses and any relationship the case may have to other pending actions.

(2) <u>Motion Practice</u>: Are any motions, dispositive or non-dispositive, pending? If so, briefly describe the motion. Explain if additional motion practice is necessary before the matter is ready to be tried.

(3) <u>Settlement</u>: Describe the status of settlement negotiations. If the parties believe a court supervised settlement/mediation conference would be of assistance in resolving the case or narrowing disputed issues, please state.

(4) <u>Trial</u>: State whether the case is ready for trial. If not, explain why. Set forth an estimate of how long the trial will take and whether the case is jury or non-jury.

No extension of the above cutoff dates will be granted except upon written application, made <u>prior to the cutoff date</u>, showing good cause for the extension. Application for extensions should be made to the Magistrate Judge. Joint or unopposed requests to extend the deadlines set forth in this order need not be made by formal motion, but rather may be sought in a letter to the court. Letter requests must detail good cause for the extension and propose new deadlines.

**IT IS SO ORDERED.**

*Marian W Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      January 4, 2017