UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDRE MURPHY,

      Plaintiff

vs.

C.O. Nowicki,
C.O. Rejman,
C.O. Reinard,
C.O. Wilson,

      Defendants
_____

NOTICE OF MOTION TO WITHDRAW
AS COUNSEL AND STAY PROCEEDINGS
15-CV-6676

| | |
|---|---|
| **MOTION BY:** | Cheryl Meyers Buth, Esq., Attorney for Defendants |
| **DATE, TIME & PLACE:** | Before the Honorable Marian W. Payson, United States Magistrate Judge, United States Courthouse, 100 State Street, Rochester, New York, on a date and time to be set by the Court. |
| **SUPPORTING PAPERS:** | Affirmation of Cheryl Meyers Buth, Esq., dated February 15, 2017. |
| **RELIEF REQUESTED:** | An Order pursuant to Local Rule 83.2(d) permitting counsel to withdraw for Defendants Rejman, Reinard and Wilson and to continue as counsel for Defendant Nowicki only; and staying the proceedings pending the appearance of new counsel for Defendants. |

Dated: Orchard Park, New York
       February 15, 2017

Yours etc.

/s/     Cheryl Meyers Buth     
Cheryl Meyers Buth
Attorney for Defendant
MEYERS BUTH LAW GROUP pllc
21 Princeton Place
Orchard Park, New York 14127
(716) 508-8598
cmbuth@mblg.us


TO:     Moira Meltzer-Cohen, Attorney at Law
         277 Broadway
         Suite 1501
         New York, NY 10007

         Robert Joseph Boyle
         299 Broadway
         Suite 806
         New York, NY 10007

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDRE MURPHY,

       Plaintiff

vs.

AFFIRMATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL AND STAY PROCEEDINGS
15-CV-6676

C.O. Nowicki,
C.O. Rejman,
C.O. Reinard,
C.O. Wilson,

       Defendants
_____

CHERYL MEYERS BUTH, affirms under penalty of perjury:

1. I am an attorney at law duly licensed to practice in the United States District Court for the Western District of New York and I am a member of the MEYERS BUTH LAW GROUP pllc, 21 Princeton Place, Orchard Park, New York 14127.

2. Along with attorney Laurie A. Baker, we currently represent the four named Defendants, having filed a Notice of Appearance and an Answer to the Complaint on behalf of each Defendant on April 13, 2016.

3. This is an action brought by the inmate plaintiff pursuant to 42 U.S.C. §1983 based on claims the Correctional Officer Defendants used excessive force in an encounter with him at the Attica Correctional Facility.

3

4. Despite the "opt out" from mandatory mediation under the Local Rules, the parties agreed to participate in mediation with ADR Administrator Barry Radlin on November 16, 2016.

5. During the course of the mediation, the plaintiff himself presented his version of events, describing in detail the incident giving rise to his claim. He characterized Officer Nowicki as the primary actor, characterizing his conduct differently than the other Officers who allegedly participated in physically restraining him.

6. Based on the Plaintiff's narrative, we discussed with plaintiff's counsel the apparent conflict of interest presented by our continued representation of all four Defendants. We have since explained this conflict of interest to each of the Defendants as well as their right to conflict-free counsel; in theory, Officers Rejman, Reinard and Wilson, if they chose to, could attempt to defend themselves by implicating Officer Nowicki under the plaintiff's account of events.

7. We have recommended to Officers Rejman, Reinard and Wilson, that they retain separate counsel. We have referred each one of them to lawyers capable of representing them and also spoken to the lawyers generally about the nature of the case.

8. We are now seeking leave to withdraw from representing Officers Rejman, Reinard and Wilson pursuant to Local Rule 83.2(d)(1). We would continue to represent Officer Nowicki.

9. Further, we respectfully request that the Court issue an Order staying the proceedings for a short time to allow substitute counsel to file notices of substitution of counsel pursuant to Local Rule 83.2(c). The parties have exchanged initial disclosures, including a portion of the plaintiff's medical record; but the bulk of discovery, including depositions, remains

to be completed. Therefore, there is no prejudice to the plaintiff if the Court grants this motion. The fact that the conflict has been identified this early in the litigation actually inurs to the benefit of plaintiff and Defendants so that no discovery proceeding has to be duplicated or repeated as it may have if the conflict was not revealed until a later stage of the case.

10. We anticipate that incoming counsel may request a modification of the current scheduling order.

11. The foregoing is true to the best of my knowledge, information and belief and is sworn to under penalty of perjury.

**WHEREFORE**, Deponent prays for the relief requested herein, together with such other and further relief as this Court may deem just and proper.

DATED:     February 15, 2017

/s/     Cheryl Meyers Buth
Cheryl Meyers Buth
MEYERS BUTH LAW GROUP pllc
21 Princeton Place
Orchard Park, New York 14127
(716) 508-8598
cmbuth@mblg.us

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDRE MURPHY,

    Plaintiff

vs.                                      15-CV-6676

 C.O. Nowicki,
C.O. Rejman,
C.O. Reinard,
C.O. Wilson,

    Defendants
_____

## CERTIFICATE OF SERVICE

    I hereby certify that on February 15, 2017, I electronically filed the foregoing Motion to Withdraw and to Stay Proceedings with the Clerk of the District Court using its CM/ECF system which would notify:

        Moira Meltzer-Cohen, Attorney at Law
        277 Broadway
        Suite 1501
        New York, NY 10007

        Robert Joseph Boyle
        299 Broadway
        Suite 806
        New York, NY 10007

        Laurie A. Baker
        MEYERS BUTH LAW GROUP pllc
        21 Princeton Place
        Orchard Park, New York 14127

I further certify that pursuant to Local Rule 83.2, I served a copy of this Motion by mail upon each Defendant.

        /s/    CHERYL MEYERS BUTH
            CHERYL MEYERS BUTH

6