**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
———————————————————

**ANDRE MURPHY,**

                **Plaintiff**

**v.**                                                      **15-cv-6676**

**C.O. NOWICKI**
**C.O. REJMAN**
**C.O. REINARD**
**C.O. WILSON,**

             **Defendants.**
———————————————————

# MEMORANDUM ADDRESSING CONFLICT OF INTEREST ISSUES

### Introduction

In this case, Meyers Buth Law Group LLC initially represented all four defendant corrections officers.  Prior to depositions, counsel moved to withdraw from representing all other defendants except Officer Nowicki.  The motion was based on a potential conflict that counsel perceived may exist as a result of the plaintiff's statement at a mediation session in November 2016. During plaintiff's rendition of events, he characterized Officer Nowicki as the primary actor, differentiating his conduct from that of the other defendant officers. The Court granted counsel's motion but *sua sponte* raised the issue of whether counsel would be in a conflict situation if the defense of her former clients was antagonistic to Officer Nowicki and required counsel to cross-examine her prior clients. This memorandum is submitted to address that issue now that substitute counsel have appeared for all defendants.

### A Conflict of Interest May Arise Where an Attorney's Loyalty is Divided

An attorney has an ethical obligation to represent his/her client zealously.  *See New York Code of Professional Responsibility Canon* 7. On the other hand, counsel has a duty of confidentiality to his/her former client. To limit cross-examination of the former client to matters in the public record may prejudice the attorney's current client if more searching inquiries are necessary for complete evaluation of the testimony. Alternatively, if cross-examination is not limited, there may be an intrusion into the former client's privilege if competent cross-examination would necessarily delve into matters not part of the public record.

In the Second Circuit, an attorney who seeks to represent a current client against a former client may be disqualified if:

(1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client.

*Giambrone v. Merit Time Ins. Co,* 117 F.Supp.3d 259 (EDNY 2015); *Nordwind,* 584 F.3d at 435 (citing *Hempstead Video,* 409 F.3d at 133); *Monfort Trust,* 2014 WL 5018607, at *3 (same); *DeFazio v. Wallis,* 459 F.Supp.2d 159, 163–64 (E.D.N.Y.2006) (same); *see also* N.Y.R. Prof'l Conduct 1.9 (duties to former clients).

The test focuses on identifying situations in which there exists the *potential* that confidential information obtained during representation of an adverse party could be used in the present action. *See* <u>Hempstead Video, 409 F.3d at 133</u> ("One recognized form of taint arises when an attorney places himself in a position where he could use a client's privileged information against that client."); <u>Glueck, 653 F.2d at 748</u> (The risk of trial taint is present, and

thus disqualification is warranted, when an attorney has the opportunity to benefit one client by "using confidential information about an adverse party obtain through prior representation of that party...."); _Pergament v. Ladak,_ No. 11–CV–2797, 2013 WL 3810188, at *3 (E.D.N.Y. July 23, 2013) ("The central concern underlying disqualification based on successive representation is the possibility 'however slight, that confidential information acquired from a client during a previous relationship may subsequently be used to the client's disadvantage.' " (citation omitted)).

Here, Nowicki's counsel met one time with all Defendants as a group upon being initially hired.  Counsel specifically told the other defendants (and Nowicki) not to discuss the facts of the case with each other or with counsel so as not to create a conflict of interest. Therefore no confidential information was obtained by counsel for Nowicki.

### Attorneys Must Keep Confidential Information Learned from a Prospective Client

In New York, attorneys have obligations to keep confidential information learned from former clients. On April 1, 2009, New York adopted the New York Code of Professional Conduct Rule 1.9, Duties to Former Clients:

 (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

(b) Unless the former client gives informed consent, confirmed in writing, a lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:

1. (1)  whose interests are materially adverse to that person; and
2. (2)  about whom the lawyer had acquired information protected by Rules 1.6 or paragraph (c) of this Rule that is material to the matter.

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

1. (1)  use confidential information of the former client protected by Rule 1.6 to the disadvantage of the former client, except as these Rules would permit or require with respect to a current client or when the information has become generally known; or
2. (2)  reveal confidential information of the former client protected by Rule 1.6 except as these Rules would permit or require with respect to a current client.

The Second Circuit has found that the public's right to retain counsel of their choosing is strong and therefore disqualification of an attorney is disfavored. *See Glueck v.Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir. 1981). However, the Second Circuit has also found that, in rare cases, disqualification may be appropriate even based merely on the appearance of impropriety. *See Bd. of Educ. v. Nyquist,* 590 F.2d 1241, 1246 (2d Cir. 1979); *Armstrong v. McAlpin,* 625 F.2d 433, 446 (2d Cir. 1980) (rev'd on other grounds, 449 U.S. 1106 (1981).

Thus, the operative question is whether Nowicki's attorneys possess confidential information from the other defendants that could be significantly harmful, either to those defendants or to Officer Nowicki.

**FACTORS 1 & 2:  The other co-defendants were clients of Nowicki's attorneys & the subject matter of the representation pertained to this case**

The first two factors are conceded. The other co-defendants were initially represented by Nowicki's attorney in the instant case.

**FACTOR 3:  Nowicki's attorneys' did not obtain case specific details and do not possess relevant confidential information from the other co-defendants**

The disqualification analysis hinges on the third factor:  whether the attorney possesses relevant confidential information from the individual.  That prerequisite for disqualifying Nowicki's attorneys is not met here. As can be verified by the individual defendants, Nowicki's counsel only met with them one time.  Counsel specifically explained that she would not discuss the nature of the case with them to avoid any potential conflict.  Rather, counsel simply explained the statute under which the plaintiff sued, reviewed federal civil practice and procedure, and counseled them that although initially all could be represented by the same lawyer, as the case developed they each had a right to hire their own lawyer.

Since Nowicki's counsel never met individually with the other defendants, nor discussed the facts of the case *at all* during their one meeting, there was no confidential information imparted to Nowicki's counsel.

**Remedy**

Even in a situation where counsel has divided loyalty, courts have found that parties can effectively waive their right to conflict-free counsel as long as the waiver is knowing, intelligent and voluntary. This Court previously indicated that it intended to schedule a status conference once new counsel had appeared for each of the defendants.  Prior to the status conference, each defendant will have the opportunity to consult with their own attorney about their right to conflict-free representation.  Their attorneys can explore and/or verify that they did not speak to Nowick's counsel about the facts of the case.

Therefore, it is respectfully suggested that this Court determine whether there is any potential conflict of interest and inquire of each defendant at the status conference, on the record, whether all defendants are willing to waive any such conflict.

DATED:      Buffalo,NewYork
                 June 4, 2017

                           /s/      Cheryl Meyers Buth
                                 Cheryl Meyers Buth, Esq.
                                 Laurie A. Baker, Esq.
                                 MEYERS BUTH LAW GROUP pllc
                                 Attorneys for Defendant C.O. Nowicki
                                 21 Princeton Place
                                 Orchard Park, New York 14127
                                 cmbuth@mblg.us
                                 (716) 508-8598

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDRE MURPHY,

        Plaintiff


vs.                         15-CV-6676

 C.O. Nowicki,
C.O. Rejman,
C.O. Reinard,
C.O. Wilson,

        Defendants
_____

## CERTIFICATE OF SERVICE

       I hereby certify that on June 4, 2017, I electronically filed the foregoing Memorandum Addressing Conflict of Interest Issues with the Clerk of the District Court using its CM/ECF system which would notify:

                Moira Meltzer-Cohen, Esq.
                Attorney for Plaintiff
                277 Broadway
                Suite 1501
                New York, NY 10007

                Robert Joseph Boyle, Esq.
                Attorney for Plaintiff
                299 Broadway
                Suite 806
                New York, NY 10007

                Laurie A. Baker, Esq.
                MEYERS BUTH LAW GROUP pllc
                Attorneys for Defendant Nowicki
                21 Princeton Place
                Orchard Park, New York 14127

Shane M. Costa, Esq.
LAW OFFICES OF SHANE M. COSTA
Attorney for Defendant Wilson
21 Princeton Place
Orchard Park, New York 14127

Daniel Henry, Esq.
VILLARINI & HENRY
Attorney for Defendant Rejman
16 Main Street
Hamburg, New York 14075

Rodney Personius, Esq.
PERSONIUS MELBER
Attorney for Defendant Reinard
2100 Main Place Tower
Buffalo, New York 14202

A hard copy of this motion has been mailed to Hon. Marian W. Payson pursuant to her chambers procedural rules.

/s/      Cheryl Meyers Buth
CHERYL MEYERS BUTH