UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

**ANDRE MURPHY,**

                    Plaintiff,

      -against-                    15 Civ. 6676
                                         (DGL)(MWP)

**FRANK NOWICKI, et al**

                    Defendants.
-----------------------------------------------------------X

    ROBERT J. BOYLE, an attorney duly admitted to practice before this Court hereby declares pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am one of the attorneys for Andre Murphy, the Plaintiff herein and submit this declaration in support of his motion for leave to file a First Amended Complaint.

2. The instant lawsuit was commenced by the Plaintiff Andre Murphy *pro se* on or about November 2, 2015.

3. Because Mr. Murphy filed the lawsuit *pro se* he used the form required for 42 U.S.C. § 1983 actions commenced by prisoners. See Complaint, Exhibit 1 attached hereto.

4. Mr. Murphy alleged, *inter alia* that on February 25, 2015, while an inmate at Attica Correctional facility he was assaulted by the defendant

correction officers, suffered injuries and was placed in the Special Housing Unit (SHU). He claimed that these actions violated his right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment.   Ex. 1, p. 6, 8.

5. Summonses were returned in February 2016. Doc. 5.[1]

6. Thereafter attorney Cheryl Meyers Buth filed Notices of Appearance on behalf of all defendants. Docs. 8-11.

7.  Answers to the Complaint were filed on April 13, 2016 (Docs. 12-15).

8.  The first Rule 16 F.F.C.P. conference was adjourned at Plaintiff's request to enable him to secure counsel.

9.  On September 1, 2016, co-counsel Moira Meltzer-Cohen filed a Notice of Appearance on Plaintiff's behalf. Doc. 19.

10. The F.R.C.P. Rule 16 conference took place on September 8, 2016 and a scheduling order was issued. At the same conference the court referred the case for mediation.

11. A mediation took place that did not result in a disposition.

12. Plaintiff provided the initial disclosures required by Fed.R.Civ.P. 26 on December 8, 2016.

13. The defendants did not provide their initial disclosures.

---

[1] "Doc." Refers to the number assigned to the document on the electronic docket sheet.

14. On February 15, 2017, counsel Meyers Buth filed a motion to withdraw and for a stay. This Court granted the stay application on February 23, 2017. Doc. 28.

15. This action remained stayed until August 24, 2017 when a new scheduling order issued. Doc. 48. It was only at that time that discovery commenced.

16. On or about September 26, 2017, during document discovery, counsel for defendant Nowicki produced the transcript of the arbitration hearing of defendant Nowicki that arose from the allegations contained in the complaint. The transcript consists of approximately 800 hundred pages of testimony and documents.

17. Plaintiff's deposition took place at Lakeview Correctional Facility on November 28, 2017.

18. Under the most recent scheduling order, all discovery is to conclude on July 30, 2018. Doc. 51. Dispositive motions are not due until September 17, 2018.

### The Proposed First Amended Complaint[2]

19. The proposed First Amended Complaint is attached hereto as Exhibit 2.

20. The changes from the existing complaint are as follows:

   i. The existing defendants' first names are included in the paragraphs identifying parties (Ex. 1 ¶¶ 9-12);

   ii. Correction Officer MCinnis who was assigned as Plaintiff's employee assistant at the Tier III hearing is added as a defendant (Ex. 2 ¶ 13);

   iii. Peter Marche, the Hearing Officer at Plaintiff's Tier III hearing is added as a defendant (Ex. 2 ¶ 14);

   iv. The factual portion of the proposed first amended complaint is more detailed than the existing *pro se*, bare-bones complaint. It specifies, to the extent necessary, the conduct of each defendant that it is alleged violated Plaintiff's constitutional rights. Those additional and more specific allegations are based, in part, on information learned through discovery (Compare Ex. 1, p. 6 and 8 with Ex. 2, ¶¶ 16-73).

---

[2] Local Rule 15(b) ordinarily requires that the proposed new pleading or supplements to the old one be "redlined" onto the existing pleading. The Rule excludes *pro se* cases. Plaintiff Murphy was *pro se* when he filed the initial complaint utilizing the Court's § 1983 form. It is not possible to "redline" the proposed changes onto that pleading. Accordingly, assuming *arguendo* that Rule 15(b) would apply to this situation, it is respectfully requested that this Court excuse strict compliance with it.

v. The claim for relief section of the existing complaint asserts the "Eighth Amendment, failure to protect and cruel and unusual punishment." (Ex. 1 p. 6).

vi. The proposed first amended complaint contains a total of seven causes of action, all arising from the facts alleged in the existing complaint. Four of them, Causes Of Action One (Ex. 2 ¶¶ 74-75), Three (Ex. 2 ¶¶ 78-79) , Five (Ex. 2, ¶¶ 82-83) and Six (Ex. 2 ¶¶ 84-85) are premised on § 1983 and the Eighth Amendment. Causes of Action One, Five and Six name defendant Nowicki, Reinard, Rejman and Wilson. The Third Cause of Action names defendants Nowicki and Wilson only.

vii. Cause of Action Two (Ex. 2, ¶¶ 76-77) is premised on § 1983 and the First and Fourteenth Amendments. It names defendants Nowicki and Wilson.

viii. Cause of Action Four (Ex. 2, ¶¶ 80-81) alleges a denial of due process in violation of the Fourteenth Amendment. In addition to defendants Nowicki and Wilson it names proposed defendants MCiniss and Marche.

    ix.    Finally Cause of Action Seven (Ex. 2 ¶¶ 86-87) alleges a conspiracy under 42 U.S.C. § 1983(3) and names defendants Nowicki, Reinard, Rejman and Wilson.

21. All of the causes of action arise from the facts and circumstances alleged by Plaintiff Murphy in the initial *pro se* complaint, to wit the alleged assault on February 25, 2015, the injuries Plaintiff suffered in that assault and his placement in the special housing unit.

WHEREFORE, for the reasons stated in the accompanying memorandum of law, this Court should issue and order granting Plaintiff leave to file a First Amended Complaint and granting such other and further relief as this Court deems just and proper.

Dated: February 23, 2018

_____
ROBERT J. BOYLE