**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

**ANDRE MURPHY,**

                Plaintiff,

    -against-                    15 Civ. 6676
                                         (DGL)(MWP

**FRANK NOWICKI, et al**

                Defendants.

-----------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT**
**OF PLAINTIFF'S MOTION TO FILE A**
**FIRST AMENDED COMPLAINT.**

**PRELIMINARY STATEMENT**

    This memorandum is respectfully submitted in support of Plaintiff's motion for leave to file a first amended complaint.

# POINT

## LEAVE SHOULD BE GRANTED

The standards applicable to a motion to amend a pleading are well-settled. Leave to amend should be freely granted when justice so requires. Fed.R.Civ.P. 15(a). As the United States Supreme Court has emphasized,

> this mandate is to be heeded. If the underlying facts or circumstances relied upon by the Plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, futility of the amendment, etc – then leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). While "undue" delay may be a factor, the Second Circuit has instructed that "mere delay…absent a showing of bad faith or undue prejudice does not provide a basis for a district court to deny the right to amend." *Block v. First Blood Assocs*, 988 F.2d 344, 350 (2d Cir. 1993), *accord Parker v. Columbia Pictures Indus*., 204 F.3d 326, 339 (2d Cir. 2000). Thus, it is "rare" that leave to amend should be denied. *Riccuti v. NYC Transit Authority*, 941 F.2d 119, 123 (2d Cir. 1991). Granting leave to amend has particular force where, as here, the existing complaint was drafted by a Plaintiff *pro se*. *Pangburton v. Culbertson*, 200 F.3d 65, 71 (2d Cir. 1999).

Where one of the proposed amendments would add new parties, the motion is technically governed by Fed.R.Civ.P. 21. That Rule provides that "the court may at any time on just terms, add or drop a party." Fed.R.Civ.P. 21; *FTD Corp v. Bankers' Trust Co.*, 954 F.Supp. 106, 109 (S.D.N.Y. 1997). However, the same standard of liberality applies under Rule 21 as exists under Rule 15. *FTD v. Banker's Trust Co.,* 954 F.Supp. at 109 *citing*, 555 F.R.D. 414, 419 (E.D.N.Y. 1092.

Given the foregoing standard, Plaintiff's motion to amend should be granted in all respects. The Plaintiff Andre Murphy, a non-lawyer, filed this case *pro se*. The existing complaint contains two paragraphs of factual/legal allegations. (Ex. 1 p. 6,8). It sets forth how on the morning of February 25, 2015 Mr. Murphy was attacked by the defendants, that he suffered injury and was then taken to the Special Housing Unit (SHU.

The proposed factual allegations contained in paragraphs 16-73 of the proposed First Amended Complaint (Ex. 2) are not, strictly speaking, "new" allegations. They simply amplify the allegations set forth in existing *pro se* complaint. They describe, in more detail, what happened on the morning of February 25, 2015, Plaintiff's injuries and what happened at his subsequent disciplinary hearing. (Compare Ex.1 p. 6 and 8 with Ex.2 ¶¶ 16-73).

3

Similarly, each cause of action alleged in the proposed first amended complaint arises out of the events alleged in the existing complaint. They are simply made more explicit as to each defendant's liability. Each states a viable claims under the Constitution.

Causes of Action One (Ex. 2 ¶¶ 78) and Six (Ex.2 ¶¶ 84-85) claim that defendants Nowicki, Rejman, Reinard and Wilson assaulted Plaintiff Murphy and/or failed to intervene to stop the on-going assault. Under either theory the defendants are liable. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010)(excessive force against prisoner states claim under Eighth Amendment) and *O'Neill v. Krzeminski*, 839 F.2d 9, 11-12 (2d Cir. 1988)(law enforcement officers have duty to intervene to stop excessive force being used by other law enforcement).

Causes of Action Two (Ex. 2, ¶¶ 76-77) and Three (Ex. 2, ¶¶ 78-79) arise from the defendant Wilson and Nowicki's participation in fabricating disciplinary charges against Plaintiff. The complaint alleges that Nowicki and Wilson fabricated those charges to cover up the assault and in retaliation for Plaintiff's complaints about the assault in the facility hospital, in an administrative grievance and in order to prevent him from making further complaints. (Ex. 2, ¶¶ 55, 65). The lodging of false disciplinary charges against an inmate is actionable under § 1983 where the charges are lodged in retaliation for the exercise of a constitutional right. *Wiley v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir. 2015) citing *Franco v. Kelley*,

4

854 F.2d 584, 589-90 (2d Cir. 1988). Here the false charges were lodged to cover up the fact that Plaintiff was denied his right to be free from cruel and unusual treatment (Cause of Action Three) and in retaliation for the exercise of his First Amendment rights and to chill the exercise of those rights. (Cause of Action Two).

Cause of Action Four (Ex. 2, ¶¶ 80-81) arises from the fact that defendants Marche and MCiniss falsely asserted that Inmate Stefan Lewis had refused to testify at Plaintiff's Tier III hearing, thereby denying him procedural due process. (Ex. 2 ¶ 56-60). *Wolf v. McDonnell,* 418 U.S. 539, 564 (1974). As the hearing was based upon the false charges lodged by defendants Nowicki and Wilson, they are liable on this theory as well. *Franco v. Kelley, supra*.

Cause of Action Five alleges that in conspiring to assault the Plaintiff and conspiring to cover-up that assault, the defendants Nowicki, Reinard, Rejman and Wilson are liable for a 42 U.S.C. § 1983 conspiracy. *Pangburn v. Culbertson,* 200 F.3d 65, 72 (2d Cir. 1999). Finally, because the defendants' actions were motivated by the fact that Plaintiff is African-American, they are also liable under 42 U.S.C. § 1985(3). (Ex. 2, ¶¶ 40-42, 86-87).

While the causes of action contain some new theories of liability, they emanate from the same core of operative facts alleged in the *pro se,* existing complaint. Given that the overwhelming preference of the law is for resolution of

disputes on the merits, *Foman v. Davis, supra.*, Plaintiff should be given leave to proceed on these theories in an amended complaint.

## CONCLUSION

WHEREFORE, for all the foregoing reasons this Court should issue an order granting Plaintiff leave to file a first amended complaint and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
      February 23, 2018        Yours, etc.

                                  */s/ Robert J. Boyle*
ROBERT J. BOYLE
277 Broadway
Suite 1501
New York, N.Y. 10007
(212) 431-0229

MOIRA MELTZER-COHEN
277 Broadway
Suite 1501
New York, N.Y. 10007
(347) 248-6771

Attorneys for Plaintiff