UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDRE MURPHY,

                          Plaintiff,

v.

C.O. NOWICKI, C.O. REJMAN,                    Civil No. 15-CV-6676
C.O. REINARD and C.O. WILSON,

                          Defendants.
_____


# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE A FIRST AMENDED COMPLAINT


Scott R. Hapeman, Esq.
PERSONIUS MELBER LLP
*Attorney for Defendant*
 C.O. ROBERT REINARD
2100 Main Place Tower
350 Main Street
Buffalo, NY  14202
(716)  855-1050
srh@personiusmelber.com

## I. PRELIMINARY STATEMENT

This Memorandum of Law and the accompanying attorney declaration of Laurie A. Baker, Esq., are submitted on behalf of all defendants in opposition to Plaintiff Andre Murphy's (hereinafter "Plaintiff") Motion to File a First Amended Complaint (Dkt. #52). References of Dkt. # refer to the docket number of the cited document.

Plaintiff's motion should be denied in its entirety for two separate independent grounds. First, Plaintiff has failed to establish good cause for failing to meet the deadline for bringing such motions established by the Case Management Orders applicable to this matter. In addition, even if Plaintiff was able to demonstrate good cause, allowing amendment of the Complaint at this stage of the preceding would cause substantial prejudice to both the existing and proposed defendants. If the proposed amendments of the Complaint were allowed, the existing Defendants would be required to expend significant additional resources to repeat the portions of the discovery process already completed. Leave to amend would also cause a substantial delay in the resolution litigation against the existing defendants, which is already two (2) years old. For the proposed new defendants, prejudice comes in the form of the substantial delay in making them part of the proceeding when the passage of time has eroded the memory of the relevant witnesses, including the proposed defendants themselves.

Lastly, if amendment of the Complaint is permitted, portions of the proposed amendments should be rejected on the basis that the amendments are futile because they lack any factual basis and are merely unfounded conclusions.

## II.  PROCEDURAL HISTORY

On November 2, 2015, Plaintiff, appearing *pro se*, filed his complaint against Defendants C.O. Nowicki, C.O. Rejman, C.O. Reinard, and C.O. Wilson (Dkt. #1). On November 3, 2015, Plaintiff filed for leave to proceed in forma pauperis (Dkt. # 2) and on November 25, 2015 this Court granted his motion (Dkt. #3). Cheryl Meyers Buth, Esq. filed Answers on behalf of all Defendants, (Dkt. ## 12, 13, 14, 15). Later, Daniel J. Henry, Jr., Esq. filed a Notice of Appearance on behalf of Defendant Rejman (Dkt. #36); Shane M. Costa, Esq. filed Notice of Appearance on behalf of Defendant Wilson (Dkt. #38); and Rodney O. Personius, Esq. filed Notice of Appearance on behalf of Defendant Reinard (Dkt. #39). Importantly, on September 1, 2016, Moira Meltzer-Cohen, Esq. filed a Notice of Appearance on behalf of Plaintiff. (Dkt. #19). On December 8, 2016, Robert Joseph Boyle, Esq. filed his Notice of Appearance on behalf of Plaintiff. (Dkt. #24).

After Plaintiff obtained counsel, the Court issued a scheduling order on September 8, 2016. (Dkt. #20). In it, the Court ordered that motions to join parties or amend pleadings were due by December 1, 2016. An amended scheduling order was issued on January 1, 2017 (Dkt. #25) followed by a second amended scheduling order filed on August 24, 2017 (Dkt. #48). Neither amended order extended the time to join parties or amend pleadings and no request to do so was ever made. In the second amended order, Defendants were required to provide initial disclosures by September 29, 2017, and Defendants complied. The Plaintiff's deposition was conducted two months later on November 28, 2017. Plaintiff now brings the instant motion which should be denied for the reasons articulated below.

## III.  PLAINTIFF'S PROPOSED FIRST AMENDED COMPLAINT

Plaintiff moves to amend his complaint, originally filed November 2, 2015 (Dkt. #1). Contrary to the suggestion of Plaintiff's motion that the factual portion of the proposed First Amended Complaint merely provides more details to the existing pro se, bare-bones, Complaint, Plaintiff's proposed amendments seek to add several new causes of action based upon new theories of liability. The proposed new allegations against the existing defendants include that they filed false misbehavior reports and provided false testimony at Plaintiff's disciplinary hearing in violation of Plaintiff's rights under the 1st and 14th Amendments of the United States Constitution and 42 U.S.C. §1983; that the filing of false misbehavior reports and false testimony at Plaintiff's disciplinary hearing were for the purpose of covering up an unprovoked assault in violation of plaintiff's 8th and 14th Amendments and 42 U.S.C. §1983; that the existing defendants conspired to assault plaintiff and cover up the assault in violation of plaintiff's rights under his 8th and 14th amendments and 42 U.S.C. §1983; that the existing defendants failed to intervene in the unprovoked assault of plaintiff in violation of his 8th and 14th amendments and 42 U.S.C. §1983; and that the alleged acts of Nowicki, Reinard, Rejman and Wilson were motivated by plaintiff's race in violation of his right to equal protection under the 14th Amendment 42 U.S.C. §1985(3).

In addition, Plaintiff seeks to add Defendants C.O. McInnis and Peter Marche alleging that they falsely asserted that plaintiff's fellow inmate refused to testify at plaintiff's Tier III Hearing in violation of his due process rights under the 14th Amendment.

## IV.  ARGUMENT

**A)     Plaintiff has not shown the requisite good cause for the delay in seeking to amend the Complaint and to add additional parties.**

Generally, Federal Rule of Civil Procedure ("FRCP") 15(a) declares that leave to amend the pleadings "shall be freely given when just so requires." Indeed, this rule is relied upon in support of Plaintiff's motion. *See,* Plaintiff's Memorandum of Law [Dkt. #52-4] at p.2. When the Court has issued a case management order pursuant to Rule 16 to manage the pre-trial progression of the case, however, and the time to so move has passed, that standard for granting leave to amend the pleadings becomes more stringent. *Grochowski v. Phoenix Construction,* 318 F.3d 80 (2d Cir. 2003). It has been held that "[d]eadlines imposed under a Rule 16 scheduling order are not mere suggestive guideposts; they are meaningful deadlines . . . intended to insure that the ends of justice and the need for prompt and efficient adjudication of controversies are met." *Wilcox v. RBS Citizens, N.A.*, 2009 WL 1813219 (N.D.N.Y. 2009) at 3. FRCP 16(b)(4) dictates that a scheduling Order may be modified "only for good cause and with the judge's consent." A finding of "good cause" depends upon the moving party's diligence and a court will not abuse its discretion in denying the relief requested where good cause has not been shown by the party seeking an extension. *See, Lowry v. Eastman Kodak Co.,* 14 Fed. Appx 27, 30 (2d Cir. 2001).

"Good cause may be established if the moving party can demonstrate that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Kassim v. City of Schenectady,* 221 F.R.D. 363, 366 (N.D.N.Y. 2003) (internal citation omitted). "It may also be established by demonstrating that reasonably unforeseeable events occurring after the entry of the scheduling order precluded compliance with the deadlines . . . ." *Id.* "Although the existence or

degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id. See also*, *Wilcox v. RBS Citizens, N.A.,* 2009 WL 1813219 (N.D.N.Y. 2009) at 3. In *Carnrite v. Granada Hospital Group, Inc.,* 175 F.R.D. 439,446 (W.D.N.Y. 1997) the Court held that the absence of prejudice to a non-moving party does not itself fulfill the good cause requirement.

In this case, Plaintiff's motion seeking to amend his pleading comes more than fourteen (14) months after the expiration of the deadline for motions to join other parties and to amend the pleadings as set forth in the September 8, 2016 Scheduling Order (Dkt. #20). Thus, consistent with the authorities cited above, in order to succeed, Plaintiff must first establish "good cause" for the delay in bringing the instant motion.

Plaintiff's motion makes no explicit attempt to establish "good cause" for the delay in seeking amend the initial pleading. It can be gleaned from his papers, however, that he will likely assert that "good cause" exists because the amendments are based upon information obtained only recently through discovery, *i.e.*, the transcripts disclosed on September 22, 2017. This presumed argument must be rejected. First, Plaintiff has not established what information contained in those transcripts was unknown to the Plaintiff, who participated in the underlying proceeding, and has not established how the transcripts provide a basis for the newly asserted claims. It is respectfully submitted that all of the newly asserted claims were either known to the Plaintiff, who has now been represented by counsel for over a year, or, that the transcript provides no link to the new clams. For example, a race based motivation for the defendants' actions is not in any way suggested by the contents of the transcripts.

Moreover, even assuming the transcripts do provide a link to the new assertions, the transcripts cited in Plaintiff's moving papers were in his counsel's possession for a full five (5) months prior to this motion. At no time during this period did Plaintiff's counsel request an extension of the scheduling order to permit them to amend the complaint or to add additional parties. Plaintiff's deposition was also conducted during this period, on November 28, 2017. It has been held that possession of new evidence for five (5) months before moving to amend does not show the necessary diligence for "good cause." *See*, *Lowry v. Eastman Kodak Co.,* 14 Fed. Appx 27, 30 (2d Cir. 2001).

It is noteworthy that Plaintiff's motion is based upon authorities interpreting FRCP 15 and contains no reference to authorities addressing the impact of Rule 16. Plaintiff's Reliance upon cases such as *Pangburton v. Culbertson*, 200 F. 3d 65, 71 (2d Cir. 1999) is misplaced. Unlike Mr. Pangburton, Plaintiff Andre Murphy has been represented by counsel since September 2016, almost a year and a half before this motion was filed. Moreover, that case fails to address the impact of Rule 16.

For all of these reasons, Plaintiff has failed to establish good cause for his delay in bringing the instant motion, and thus, the motion must be denied in its entirety.

B)       **Allowing Plaintiff to Amend would be prejudicial to the Defendants.**

Assuming, *arguendo*, the Court determines that Plaintiff can establish good cause for his delay in bringing this motion, the request to amend should still be denied in total. "In determining whether to grant a motion to amend, the court must weigh the good cause shown for the delay against the prejudice to the non-movant that will result from the amendment." *Kodak Graphic*

*Communications Canada Co. v. E.I. Du Pont Nemours and Co.*, 2011 WL 4711968 (W.D.N.Y 2011) at 5 [citing *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46-47 (2d Cir. 1983)]. "Considerations of prejudice include whether the new claims would: (1) require significant additional discovery; (2) significantly delay the resolution of the dispute; or (3) prevent the non-moving party from brining a timely action in another jurisdiction." *Id.* citing *Block v. First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir. 1993).

    Plaintiff's newly asserted causes of action and new theories of liability create significant prejudice for the existing defendants. These new claims will require significant additional discovery, most notably, the additional time and expense of again deposing the plaintiff regarding the new claims. Document discovery may also need to be added to involve the new allegations and address the new defendants. Significant delay in the resolution of this case will also result in prejudice to the existing defendants. This matter has already been pending for more than two (2) years. Permitting amendment of the complaint will serve to reset discovery and further lengthen the already far off resolution of the litigation. Importantly, any newly added defendants will require time to secure counsel will need additional time to get up to speed, further delaying a result.

    As for the proposed new Defendants, amendment to allow their inclusion will cause prejudice to them based upon the three (3) years that has already elapsed since the events giving rise to plaintiff's allegations. During this time, no investigation into the actions of the new defendants has occurred and the memories of witnesses and the proposed parties themselves are likely to have faded.

    Because of the prejudice that will result to the defendants, there is a separate and distinct basis to deny Plaintiff's motion in its entirety.

**C)** **Plaintiff's proposed amendments alleging racial motivation for Defendants' actions and general misconduct by prison guards against African-Americans and allegations of conspiracy should not be permitted as the amendments are futile.**

It is axiomatic that leave to amend should not be permitted if there is undue delay, undue prejudice, or if the proposed amendment is futile. *Ruotolo v. City of New York*, 514 F. 3d. 184, 191 (2d Cir. 2008). "An amendment is futile if it would fail 'to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" *Dean v. New York City*, 2017 WL 3670036 (S.D.N.Y. 2017) at 3 quoting *Panther Partners v. Ikanos Commc'ns.*, 681 F.3d 114, 119 (2d Cir. 2012). "[A] proposed amendment must plead sufficient 'factual content' to allow a court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Long v. Parry*, 679 Fed. Appx. 60, 63 (2d Cir. 2017) citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). "An amendment containing only bald assertions and conclusions of law . . . or factual allegations that are wholly conclusory . . . will be deemed futile. *Id*. (internal citations omitted).

Plaintiff's proposed First Amended Complaint (Dkt. #52-3) includes allegations that all of the currently named defendants are Caucasian (¶39) while the plaintiff is African-American (¶8). Paragraph 66 alleges that the defendants' actions were motivated in part because Plaintiff is African-American. Plaintiff's request for leave to amend his pleading to include these allegations should be rejected. Plaintiff has offered no factual support for the alleged motivation of the Defendants other than the fact that the Plaintiff is an African-American. Such a bald conclusion is insufficient to support a reasonable inference against the Defendants.

In addition, Paragraphs 41 and 42 of the proposed First Amended Complaint assert that there is a pattern of misconduct by Caucasian guards against African-American inmates and references a *New York Times* article purporting to substantiate that claim. These proposed amendments should

9

not be permitted as there is no claim in this proceeding against the State of New York or the Department of Corrections and Community Supervision. The allegation that there is a general pattern of misconduct by prison guards is irrelevant and cannot support a claim against these individual defendants. It is important to note that the news article referenced in the proposed pleading does not mention Plaintiff or any of the defendants, present or proposed, in this case.

The allegations in paragraph 39 of Plaintiff's proposed complaint, that the assault was planned by Defendants Nowicki, Rejman, Reinard, and Wilson, are similarly futile as are the conspiracy allegations set forth in paragraph 83. These bald statements are simply conclusory allegations without any supporting facts. For these reasons, Plaintiff's request to include these amendments must be rejected.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny the motion of Plaintiff in its entirety, along with such other and further relief as the Court deems just and proper.

Dated: Buffalo, New York
       March 19, 2018.

/s/ **Scott R. Hapeman**
Scott R. Hapeman, Esq.
PERSONIUS MELBER LLP
*Attorney for Defendant*
 C.O. ROBERT REINARD
2100 Main Place Tower
350 Main Street
Buffalo, NY  14202
(716) 855-1050
srh@personiusmelber.com

TO: Robert J. Boyle, Esq.
Moira Meltzer-Cohen, Esq.
*Attorneys for Plaintiff*
277 Broadway, Suite 1501
New York, NY  10007

CC: Laurie A. Baker, Esq.
Cheryl Meyers Buth, Esq.
MEYERS BUTH LAW GROUP pllc
*Attorney for Defendant*
  C.O. NOWICKI
21 Princeton Place
Orchard Park, NY  14127
(716)  508-8598

Daniel J. Henry, Jr., Esq.
VILLARINI & HENRY
*Attorney for Defendant*
  C.O. REJMAN
16 Main Street
Hamburg, NY  14075
(716)  648-0510

Shane M. Costa, Esq.
*Attorney for Defendant*
C.O. WILSON
95 Ashland Ave. #2
Buffalo, NY  14222
(716) 508-8598

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of March, 2018, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

Robert J. Boyle, Esq.
Moira Meltzer-Cohen, Esq.
*Attorneys for Plaintiff*

Laurie A. Baker, Esq.
Cheryl Meyers Buth, Esq.
MEYERS BUTH LAW GROUP pllc
*Attorney for Defendant*
 C.O. NOWICKI

Daniel J. Henry, Jr., Esq.
VILLARINI & HENRY
*Attorney for Defendant*
 C.O. REJMAN
16 Main Street
Hamburg, NY  14075
(716)  648-0510

Shane M. Costa, Esq.
*Attorney for Defendant*
C.O. WILSON
95 Ashland Ave. #2
Buffalo, NY  14222
(716) 508-8598

                                              **/s/ Scott R. Hapeman**
Scott R. Hapeman, Esq.
PERSONIUS MELBER LLP
*Attorney for Defendant*
 C.O. ROBERT REINARD
2100 Main Place Tower
350 Main Street
Buffalo, NY  14202
(716) 855-1050
srh@personiusmelber.com