UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ANDRE MURPHY,

                      Plaintiff,

    -against-

**FRANK NOWICKI,** a present or former          15-CV-6676
Correction Officer, Attica Correctional           (DGL)(MWP)
Facility, **ROBERT REINARD** a present or former
Correction Officer, Attica Correctional Facility
Correction Officer, Great Meadow Correctional
Facility; **CRAIG REJMAN,** a present or former
Correction Officer, Attica Correctional
Facility; **TOM WILSON,** a present or former
Correction Officer, Attica Correctional
Facility; **CO MCINNIS,** a present or former
Correction Officer, Attica Correctional Facility;
**PETER MARCHE,** a present or former
employee at Attica Correctional Facility

                      Defendants.

-----------------------------------------------------------------X

## FIRST AMENDED COMPLAINT

## PRELIMINARY STATEMENT

1. This is a complaint by the Plaintiff Andre Murphy for compensation for physical and emotional injuries suffered by him due to an unprovoked brutal assault inflicted upon him by the defendants, all present and/or former employees of the New York

State Department of Correctional Services. The assault took place on or about February 25, 2015 at Attica Correctional Facility in Attica, New York, where the plaintiff was then incarcerated. After the unprovoked assault, false misbehavior charges were levied against Plaintiff Murphy arising out of the incident that led to substantial time in solitary confinement. All charges were eventually dismissed.

2. The plaintiff seeks compensatory and punitive damages for the injuries he suffered as well as injunctive relief.

## JURISIDCTION AND VENUE

3. Jurisdiction is conferred by 28 U.S.C. §1331. This action arises under 42 U.S.C. §1983 to remedy a deprivation of rights under color of state law guaranteed to the plaintiff by the 1st, 8th and 14th Amendments to the United States Constitution.

4. Venue is proper in the United States District Court for the Western District of New York as that is where the causes of action arose.

## JURY DEMAND

5. Plaintiff requests a jury trial on all claims.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On or about February 27, 2015, Plaintiff filed an administrative grievance seeking redress for the acts alleged that was denied at the facility level.

7. On or about May 13, 2015, the DOCCS Central Office affirmed the denial of that grievance.

## PARTIES

8. Plaintiff Andre Murphy is thirty-one years old, an African-American citizen of the United States and a resident of the State of New York. At all times relevant hereto, he was incarcerated in the custody of the New York State Department of Corrections and Community Supervision (DOCCS) and assigned DIN 13-B-3408.

9. Defendant Frank Nowicki is a present or former employee of the New York State Department of Corrections and Community Supervision. At all times relevant hereto he held the position of Correction Officer at Attica Correctional Facility.

10. Defendant Robert Reinard is a present or former employee of the New York State Department of Corrections and Community Supervision. At all times relevant hereto he held the position of Correction Officer at Attica Correctional Facility.

11. Defendant Craig Rejman is a present or former employee of the New York State Department of Corrections and Community Supervision. At all times relevant hereto he held the position of Correction Officer at Attica Correctional Facility.

12. Defendant Tom Wilson is a present or former employee of the New York State Department of Corrections and Community Supervision. At all times relevant hereto he held the position of Correction Officer at Attica Correctional Facility.

13. Defendant CO (FNU) MCinnis is a present or former employee of the New York State Department of Corrections and Community Supervision at Attica Correctional Facility.

14. Defendant Peter Marche is a present or former employee of the New York State Department of Corrections and Community Supervision at Attica Correctional Facility.

15. At all times relevant hereto the Defendants, and each of them acted under color of state law.

## STATEMENT OF FACTS

16. Plaintiff Andre Murphy was born in 1987. He has lived most of his life in Auburn, N.Y. He graduated high school in 2005 and has taken college courses at Cayuga Community College.

17. Plaintiff has held several jobs primarily involving warehouse and factory work in the Auburn, N.Y. area.

18. On or about August 27, 2013 Mr. Murphy entered a guilty plea in Cayuga County Court to the crime of criminal sale of a controlled substance in the third degree. On November 13, 2013 he was sentenced to a five-year determinate term of imprisonment.

19. That conviction violated the terms of Plaintiff's parole stemming from a prior conviction for criminal sale of a controlled substance. He received an additional four-year determinate term pursuant to that parole violation.

20. Plaintiff was first assigned to Elmira Correctional Facility. On or about December 12, 2013 he was transferred to Attica Correctional Facility.

21. At the time of the incident alleged herein Plaintiff Murphy was housed in "C" block and worked as a hospital porter.

22. Up until the time of the incident giving rise to the instant complaint, Plaintiff had never been cited for a disciplinary infraction within the DOCCS.

23. At or about 7:30 A.M. on February 25, 2015, Plaintiff Murphy was let out of his cell on C-Block to go to the mess hall for the

morning meal. He lined up with others from his company, two by two, and proceeded down the stairs to the C-block lobby.

24. Once on the lobby, the line stopped moving. Defendant Correction Officer Frank Nowicki ordered Mr. Murphy to move up. Plaintiff Murphy did so. Defendant Nowicki ordered him to do so again. Plaintiff responded in substance that he was already right on top of the man ahead of him and could move no further.

25. The line then moved, and Plaintiff proceeded to the mess hall. After the morning meal, he moved, again with his company, from the mess hall back to his cell to await to be let out to attend his program.

26. At or about 9:00 A.M., Mr. Murphy lined up with members of his company so that he could go to the facility hospital to perform his duties as the hospital porter.

27. Plaintiff proceeded down the stairs with other member of his company. Upon arrival at the C-block lobby, Defendant Officer Nowicki ordered Plaintiff off the line and instructed him to wait in the stairwell.

28. The other inmates continued to move and left the C-block lobby.

6

29. Plaintiff waited several minutes in the stairwell. Unaware of what he was supposed to do, Plaintiff Murphy proceeded back up the stairwell toward his cell.

30. At some point before he arrived there he heard Defendant Officer Nowicki ordered him to come back down the stairs, and Mr. Murphy complied with that order.

31. No other inmates were present. That area is not monitored by video cameras.

32. As Mr. Murphy arrived at the stairwell landing off the C-block lobby, Defendant Nowicki pushed him back while speaking some words. Plaintiff raised his hands waist-high palms out. Moments later, Defendant Nowicki punched Plaintiff Murphy in the face.

33. Plaintiff Murphy swung defensively, hitting defendant Nowicki.

34. At about the same time, defendants Wilson and, upon information and belief, defendants Rejman and Reinard came over to the now open stairwell.

35. The defendant officers struck Plaintiff, now on the ground, about his head and body.

36. Mr. Murphy was struck on his head with a baton at least two times.  Blood caused by those blows flowed from Plaintiff Murphy's head.

37. Other than the swing that followed defendant Nowicki's initial punch, at no time did Plaintiff Murphy strike or otherwise resist the actions of the defendant officers.

38. Moreover, Plaintiff Murphy did nothing to provoke or otherwise justify the initial punch inflicted upon him by defendant Nowicki.

39.  Defendants Nowicki, Rejman, Reinard and Wilson are each, upon information and belief, Caucasian.

40. At no point did any of the defendants, or any of the other correction officers present intervene to stop the unprovoked assault on Plaintiff Murphy

41. Plaintiff Murphy was handcuffed behind his back and taken to the facility hospital.   Once there, he told a nurse that he had been attacked by officers.

42. Plaintiff Murphy was administered a total of thirteen staples to close two gashes on the top of his head.

43. Plaintiff was then taken to Attica's Special Housing Unit.

44. Plaintiff Murphy experienced pain throughout his body, a severe headache and dizziness.

45. In their respective "use of force" reports drafted the same day, defendants Nowicki and Wilson falsely claimed that Plaintiff, without provocation, punched defendant Nowicki.

46. Defendants Nowicki, Wilson, Reinard and Rejman falsely claimed in their respective use of force reports that Plaintiff resisted the attempts by the defendants to place him in handcuffs.

47. The defendants falsely made those claims to cover up their unprovoked assault of the Plaintiff.

48. On or about February 27, 2015, plaintiff filed an administrative grievance wherein he accused defendants Nowicki, Wilson, Reinard and Rejman of assaulting him on February 25, 2015.

49. On or about February 27, 2015, Plaintiff was served with a misbehavior report charging him, *inter alia*, with assault on staff, violent conduct and refusing a direct order.

50. The misbehavior report was signed by Defendant Nowicki and endorsed by Defendant Wilson.

51. In the report, defendant Nowicki falsely claimed that plaintiff, without provocation, punched him.

52. Upon information and belief, the false disciplinary reports were lodged to cover up the assault and in retaliation for the fact that 1) plaintiff had complained to the facility nurse that he had been attacked by officers, 2) plaintiff filed a grievance stating that he had been assaulted by the officers and 3) to prevent him from making further complaints.

53. Defendant Marche was assigned as Commissioner's Hearing Officer at Plaintiff's Tier III hearing.

54. Defendant MCinnis was assigned as Plaintiff's employee assistant.

55. In preparation for the hearing Plaintiff requested, via cell location, that Inmate Stefan Lewis testify on his behalf.

56. Upon information and belief Defendants Marche and MCinnis falsely claimed that Inmate Lewis refused to testify for Plaintiff at the Tier III hearing.

57. Had he been permitted to testify Inmate Lewis would have exculpated Plaintiff.

58. Defendants Nowicki and Wilson falsely testified at plaintiff's Tier III disciplinary hearing.

59. Defendants Nowicki falsely denied that he threw the initial punch and did so without provocation.

60. Defendants Nowicki and Wilson falsely testified that it was plaintiff who threw the initial punch.

61. Defendants Nowicki and Wilson, both falsely stated that plaintiff resisted efforts to place him in handcuffs.

62. Defendants Nowicki, Reinard, Wilson and Rejman provided false information to those investigating the incident and at the Tier III hearing to ensure that plaintiff remain in solitary confinement and to cover up their own actions in assaulting plaintiff as stated in his plaintiff's grievance.

63. The defendants' actions were motivated, at least in part, because plaintiff Murphy is African-American.

64. Following the Tier III hearing, plaintiff was convicted of all charges and sentenced to 270 days in solitary confinement.

65. Thereafter he was transferred to Upstate Correctional Facility.

66. While at Upstate, plaintiff continued to suffer from the injuries inflicted upon him during the Attica assault, to wit, headaches, dizziness and other pain.

67. Plaintiff has also experienced psychological symptoms such as nightmares, nervousness and disturbed sleep.

68. Following an investigation by the DOCCS Inspector General's Office, the convictions for disciplinary charges were reversed and plaintiff's records expunged.

69. In or about September 2015, Plaintiff was released from solitary confinement.

70. Plaintiff continues to suffer from injuries inflicted due to the assault and his period in solitary confinement. These include occasional headaches and emotional distress

## CLAIMS

### FOR A FIRST CAUSE OF ACTION

71. Plaintiff repeats and re-alleges the facts set forth in paragraphs 1 through 70 *supra*.

72. The actions of the defendants Nowicki, Wilson, Reinard and Rejman and each of them, in assaulting the plaintiff without provocation violated plaintiff's right to be free from cruel and unusual punishment as guaranteed by the 8th and 14th Amendments to the United States Constitution and 42 U.S.C. §1983.

### FOR A SECOND CAUSE OF ACTION

73. Plaintiff repeats and re-alleges the facts set forth in paragraphs 1 through 70 *supra*.

74. The actions of the defendants Nowicki and Wilson in filing a false misbehavior report and testifying falsely at plaintiff's disciplinary hearing was done in retaliation for plaintiff 1) asserting in the prison hospital that he had been assaulted by corrections officers 2) filing an administrative grievance and 3) in order to prevent him from making further complaints, thereby violating plaintiff's rights under the 1st$^{th,}$ and 14th Amendments to the United States Constitution and 42 U.S.C. §1983.

### FOR A THIRD CAUSE OF ACTION

75. Plaintiff repeats and re-alleges the facts set forth in paragraphs 1 through 70 *supra*.

76. The actions of the defendants Nowicki and Wilson in filing a false misbehavior report and testifying falsely at plaintiff's disciplinary hearing was for the purpose of covering up the unprovoked assault on the Plaintiff thereby violating plaintiff's rights under the 8th and 14th Amendments to the United States Constitution and 42 U.S.C. §1983.

### FOR A FOURTH CAUSE OF ACTION

77. Plaintiff repeats and re-alleges the facts set forth in paragraphs 1 through 70 *supra*.

78. The actions of the defendants Nowicki and Wilson in lodging false disciplinary charges and the actions of Marche and MCinnis in falsely asserting that Inmate Lewis refused to testify at Plaintiff's Tier III hearing denied Plaintiff his right to due process of law as guaranteed by the 14th Amendment to the United States Constitution.

### FOR A FIFTH CAUSE OF ACTION

79. Plaintiff repeats and re-alleges the facts set forth in paragraphs 1 through 70 *supra*.

80. The actions of the defendants Nowicki, Wilson, Reinard and Rejman and each of them in failing to intervene to stop the unprovoked assault of the plaintiff violated plaintiff's right to be free from cruel and unusual treatment in violation of the 8th and 14th Amendments to the United States Constitution and 42 U.S.C. §1983.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

i. Compensatory damages in the amount of Two Hundred Thousand Dollars;

ii. Punitive Damages in the amount of One Hundred Thousand Dollars;

iii. Enjoining the defendants from retaliating against the plaintiff for maintaining this action;

iv. Awarding Costs and a reasonable attorney's fee;

v. Awarding such other and further relief as this Court deems just and proper.

Dated: New York, New York
     May 16, 2018                     Yours, etc.

*/s/ Robert J. Boyle*
ROBERT J. BOYLE
277 Broadway
Suite 1501
New York, N.Y. 10007
(212) 431-0229

MOIRA MELTZER-COHEN
277 Broadway
Suite 1501
New York, N.Y. 10007
(347) 248-6771

Attorneys for Plaintiff