UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDRE MURPHY,

                            Plaintiff,

  -vs-

**FRANK NOWICKI**, a present or former
Correction Officer, Attica Correctional
Facility, **ROBERT REINARD**, a present or former
Correction Officer, Attica Correctional
Facility, **CRAIG REJMAN**, a present or former
Correction Officer, Attica Correctional
Facility, **TOM WILSON**, a present or former
Correction Officer, Attica Correctional
Facility, **CO MCINNIS**, a present or former
Correction Officer, Attica Correctional
Facility, **PETER MARCHE**, a present or former
Employee at Attica Correctional
Facility,

                            Defendants.

**ANSWER TO FIRST AMENDED COMPLAINT**

**15-CV-6676**

_____

Defendant CORRECTION OFFICER TOM WILSON, by his attorneys Law Offices of Shane Costa, Shane M. Costa, Esq., as and for his Answer to Plaintiff's Complaint herein alleges:

### ANSWERING THE SECTION ENTITLED PRELIMINARY STATEMENT

1.     Deny allegations contained in Paragraph 1.

2.     Deny knowledge or information with respect to the allegations contained in Paragraph 2.

1

## ANSWERING THE SECTION ENTITLED JURISDICTION AND VENUE

3. Neither admit or deny the allegations in Paragraph 3 on the ground it seeks a legal conclusion, and deny knowledge and information sufficient to form a belief as to the remaining allegations contained in that section.

4. Neither admit or deny the allegations in Paragraph 4 on the ground it seeks a legal conclusion, and deny knowledge and information sufficient to form a belief as to the remaining allegations contained in that section.

## ANSWERING THE SECTION ENTITLED JURY DEMAND

5. Admits the allegations contained in Paragraph 5.

## ANSWERING THE SECTION ENTITLED EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Deny knowledge or information with respect to the allegations contained in Paragraph 6.

7. Deny knowledge or information with respect to the allegations contained in Paragraph 7.

## ANSWERING THE SECTION ENTITLED PARTIES

8. Per Magistrate Payson's Order, dated May 25, 2018, Defendant is not required to provide any answer or response to race allegations contained in Paragraph 8, and therefore this allegation is improper. As to the remaining allegations denies knowledge or information with respect to the allegations contained in Paragraph 8.

9. Deny knowledge or information with respect to the allegations contained in Paragraph 9.

10. Deny knowledge or information with respect to the allegations contained in Paragraph 10.

11. Deny knowledge or information with respect to the allegations contained in Paragraph 11.

12. Admits the allegations contained in Paragraph 12.

13. Deny knowledge or information with respect to the allegations contained in Paragraph 13.

14. Deny knowledge or information with respect to the allegations contained in Paragraph 14.

15. Neither admit or deny the allegations in Paragraph 15 on the ground it seeks a legal conclusion.

## ANSWERING THE SECTION ENTITLED STATEMENT OF FACTS

16. Deny knowledge or information with respect to the allegations contained in Paragraph 16.

17. Deny knowledge or information with respect to the allegations contained in Paragraph 17.

18. Deny knowledge or information with respect to the allegations contained in Paragraph 18.

19. Deny knowledge or information with respect to the allegations contained in Paragraph 19.

20. Deny knowledge or information with respect to the allegations contained in Paragraph 20.

21. Deny knowledge or information with respect to the allegations contained in Paragraph 21.

22. Deny knowledge or information with respect to the allegations contained in Paragraph 22.

23. Deny knowledge or information with respect to the allegations contained in Paragraph 23.

24. Deny knowledge or information with respect to the allegations contained in Paragraph 24.

25. Deny knowledge or information with respect to the allegations contained in Paragraph 25.

26. Deny knowledge or information with respect to the allegations contained in Paragraph 26.

27. Deny knowledge or information with respect to the allegations contained in Paragraph 27.

28. Deny knowledge or information with respect to the allegations contained in Paragraph 28.

29. Deny knowledge or information with respect to the allegations contained in Paragraph 29.

30. Deny knowledge or information with respect to the allegations contained in Paragraph 30.

31. Deny knowledge or information with respect to the allegations contained in Paragraph 31.

32. Deny knowledge or information with respect to the allegations contained in Paragraph 32.

33. Deny knowledge or information with respect to the allegations contained in Paragraph 33.

34. Deny knowledge or information with respect to the allegations contained in Paragraph 34.

35. Denies the allegations contained in Paragraph 35.

36. Denies the allegations contained in Paragraph 36.

37. Denies the allegations contained in Paragraph 37.

38. Denies the allegations contained in Paragraph 38.

39. Per Magistrate Payson's Order, dated May 25, 2018, Defendant is not required to provide any answer or response to the allegations contained in Paragraph 39, and therefore this allegation is improper.

40. Denies the allegations contained in Paragraph 40.

41. Deny knowledge or information with respect to the allegations contained in Paragraph 41.

42. Deny knowledge or information with respect to the allegations contained in Paragraph 42.

43. Deny knowledge or information with respect to the allegations contained in Paragraph 43.

44. Deny knowledge or information with respect to the allegations contained in Paragraph 44.

45. Denies the allegations contained in Paragraph 45.

46. Denies the allegations contained in Paragraph 46.

47. Denies the allegations contained in Paragraph 47.

48. Deny knowledge or information with respect to the allegations contained in Paragraph 48.

49. Deny knowledge or information with respect to the allegations contained in paragraph 49.

50. Deny knowledge or information with respect to the allegations contained in paragraph 50.

51. Deny knowledge or information with respect to the allegations contained in Paragraph 51.

52. Denies the allegations contained in Paragraph 52.

53. Deny knowledge or information with respect to the allegations contained in Paragraph 53.

54. Deny knowledge or information with respect to the allegations contained in Paragraph 54.

55. Deny knowledge or information with respect to the allegations contained in Paragraph 55.

56. Deny knowledge or information with respect to the allegations contained in Paragraph 56.

57. Deny knowledge or information with respect to the allegations contained in Paragraph 57.

58. Denies the allegations contained in Paragraph 58 as to Defendant Wilson and Deny knowledge or information with respect to the remaining allegations contained in Paragraph 58.

59. Deny knowledge or information with respect to the allegations contained in Paragraph 59.

60. Denies the allegations contained in Paragraph 60 as to Defendant Wilson and Deny knowledge or information with respect to the remaining allegations contained in Paragraph 60.

61. Denies the allegations contained in Paragraph 61 as to Defendant Wilson and Deny knowledge or information with respect to the remaining allegations contained in Paragraph 61.

62. Denies the allegations contained in Paragraph 62 as to Defendant Wilson and Deny knowledge or information with respect to the remaining allegations contained in Paragraph 62.

63. Per Magistrate Payson's Order, dated May 25, 2018, Defendant is not required to provide any answer or response to the allegations contained in Paragraph 63, and therefore this allegation is improper.

64. Deny knowledge or information with respect to the allegations contained in Paragraph 64.

65. Deny knowledge or information with respect to the allegations contained in Paragraph 65.

66. Denies the allegations contained in Paragraph 66.

67. Deny knowledge or information with respect to the allegations contained in Paragraph 67.

68. Deny knowledge or information with respect to the allegations contained in Paragraph 68.

69. Deny knowledge or information with respect to the allegations contained in Paragraph 69.

70. Denies the allegations contained in Paragraph 70.

### ANSWERING THE SECTION ENTITLED FIRST CAUSE OF ACTION

71. Defendant Wilson repeats and re-alleges the answers set forth in Paragraphs 1 through 70.

72. Denies the allegations contained in Paragraph 72.

### ANSWERING THE SECTION ENTITLED SECOND CAUSE OF ACTION

73. Defendant Wilson repeats and re-alleges the answers set forth in Paragraphs 1 through 72.

74. Denies the allegations contained in Paragraph 74.

### ANSWERING THE SECTION ENTITLED THIRD CAUSE OF ACTION

75. Defendant Wilson repeats and re-alleges the answers set forth in Paragraphs 1 through 74.

76. Denies the allegations contained in Paragraph 76.

### ANSWERING THE SECTION ENTITLED FOURTH CAUSE OF ACTION

77. Defendant Wilson repeats and re-alleges the answers set forth in Paragraphs 1 through 76.

78. Denies the allegations contained in Paragraph 78.

## ANSWERING THE SECTION ENTITLED FIFTH CAUSE OF ACTION

79. Defendant Wilson repeats and re-alleges the answers set forth in Paragraphs 1 through 78.

80. Denies the allegations contained in Paragraph 80.

### AS AND FOR A FIRST DEFENSE

81. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

82. Upon trial, it may appear that some or all damages claimed by plaintiff were brought about or contributed to by reason of plaintiff's own acts, actions, negligence, and/or assumption of risk; if so plaintiff's damages, if any must be diminished accordingly.

### AS AND FOR A THIRD DEFENSE

83. Plaintiff's causes of action were not commenced within the time limit required and, therefore, are barred by the applicable statute of limitations.

### AS AND FOR A FOURTH DEFENSE

84. Should this answering defendant be found liable for plaintiff's injuries, it is alleged upon information and belief that plaintiff failed to take steps to minimize his damages in whole or in part. Therefore, plaintiff is foreclosed from recovery of that portion of the damages developing from his failure to mitigate.

### AS AND FOR A FIFTH DEFENSE

85. To the extent that Plaintiff raises any state law claims

    a.    they are barred by §259-q of the Executive Law and by other state law.

    b.    they are barred by the doctrine of laches, waiver, or estoppel.

    c.    this answering defendant intends to and will seek the entire benefit of article 16 of the Civil Practice Law and Rules at the time of trial.

## AS AND FOR A SIXTH DEFENSE

86. Any and all damages sustained by the plaintiff are caused by the acts, actions, or omissions of third parties.

## AS AND FOR A SEVENTH DEFENSE

87. The damages claimed by plaintiff are unclear, contingent, and speculative, and are therefore, not recoverable.

## AS AND FOR AN EIGHTH DEFENSE

88. Defendant is immune from the instant suit and immune from liability since this answering defendant acted in good faith and with objectively reasonable belief that his actions were lawful and not in violation of plaintiff's constitutional rights.  Therefore, plaintiff's claims must be dismissed.

## AS AND FOR A NINTH DEFENSE

89. Defendant has at all times acted in conformity with all federal and state constitutional, statutory, and/or regulatory provisions.

## AS AND FOR A TENTH DEFENSE

90. Plaintiff's action is barred, in whole or in part, pursuant to § 24 of the New York State Corrections Law.

## AS AND FOR AN ELEVENTH DEFENSE

91. Plaintiff's action is barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata.

## AS AND FOR A TWELFTH DEFENSE

92. Defendant, at all times relevant hereto, acted without malice and under the reasonable belief that his actions were proper and in accordance with existing law.

93. Defendant, at all times relevant hereto, acted in good faith in the lawful exercise of the discretion committed to him under federal and/or state law and is immune from liability.

94. Defendant did not violate any clearly established statutory or constitutional rights of the Plaintiff which a reasonable person would have known, and therefore are entitled to qualified immunity.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

95. The alleged conduct as set forth in Plaintiff's Complaint, in whole or in part, was properly within the discretionary authority committed to Defendants to perform their official functions, and the relief prayed for would constitute an improper intrusion by the federal judiciary into said discretionary authority.

## AS AND FOR A FOURTEENTH DEFENSE

96. Defendant has at all times acted in conformity with all federal and state constitutional, statutory and/or regulatory provisions.

## AS AND FOR A FIFTEENTH DEFENSE

97. Pursuant to 28 U.S.C. § 1915 (g), to the extent plaintiff has, on three or more occasions, brought a lawsuit or appeal that was dismissed because it was frivolous, malicious, or did not state a proper claim, plaintiff is barred from proceeding *in forma pauperis.*

### AS AND FOR A SIXTEENTH DEFENSE

98. Upon information and belief, Plaintiff has been convicted of one or more felonies or other crimes for which there are or may be restitution orders pending.

99. Pursuant to Prison Litigation Reform Act §807, any compensatory damages to be awarded Plaintiff herein shall be paid directly to satisfy any such outstanding orders until paid in full.

### AS AND FOR A SEVENTEENTH DEFENSE

100. Pursuant to Prison Litigation Reform Act §808, prior to payment of any compensatory damages to Plaintiff, the Crime Victims Board is required to notify any victims of such crime for which Plaintiff was convicted and incarcerated.

101. Upon information and belief, Plaintiff must be compelled to cooperate in the notification of his victims prior to payment herein, or he should be barred from recovery.

102. Plaintiff is not or may not be entitled to any payment herein.

### AS AND FOR AN EIGHTEENTH DEFENSE

103. Plaintiff has failed to exhaust his administrative remedies.

### AS AND FOR A NINETEENTH DEFENSE

104. All or part of each item of economic loss may have been paid, replaced, or indemnified in whole or in part from collateral sources and that to the extent, in the event plaintiff recovers judgment herein, the amounts plaintiff recovered should be reduced by such amounts as have been or may be recovered in whole or in part from collateral sources.

### AS AND FOR A TWENTIETH DEFENSE

105. At the time of trial, it may appear that culpable conduct on the part of the plaintiff may have resulted in or contributed to the damages claimed, and if so, then in the event that plaintiff is entitled to recover, the amount of damages otherwise recoverable should be diminished in the proportion which the culpable conduct attributable to plaintiff bears to the culpable conduct (which is expressly denied) which caused such damages.

### AS AND FOR A TWENTY-FIRST DEFENSE

106. The court should not proceed in the absence of persons who should be parties to this action.

### AS AND FOR A TWENTY-SECOND DEFENSE

107. Upon information and belief, plaintiff's Complaint fails to comply with the requirements of the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e.

## **JURY TRIAL DEMAND**

A trial by jury is hereby demanded on all issues in this matter.

**WHEREFORE**, defendant Corrections Officer Wilson respectfully demands judgment as follows:

1. Dismissing the complaint herein;

2. Directing the plaintiff's damages, in the event the plaintiff is entitled to recover, be diminished by the proportion of culpable conduct which caused or contributed to said damages;

3. Directing that the liability of this answering defendant, in the event he is found liable to the plaintiff, be limited in accordance with the provisions of Article 16 of the Civil Practice Law and Rules; and

4. Granting such other and further relief as the court deems just and proper, together with the costs and disbursements of this action.

Dated:   June 8, 2018
        Buffalo, New York

                                        Yours, etc.

                                        <u>s/ Shane M. Costa</u>
                                        Shane M. Costa, Esq.
                                        Law Offices of Shane Costa
                                        *Attorneys for Defendant CO Wilson*
                                        95 Ashland Ave #2
                                        Buffalo, New York 14222
                                        (716) 378-2731

TO: Robert J. Boyle, Esq.
277 Broadway
Suite 1501
New York, NY  10007

Moira Meltzer-Cohen, Esq.
277 Broadway
Suite 1501
New York, NY  10007

CC: Rodney O. Personius, Esq.
Brian Melber, Esq.
Scott Hapeman, esq.
Personius Melber LLP
2100 Main Place Tower
Buffalo, NY  14202

Daniel J. Henry, Jr., Esq.
Villarini & Henry
16 Main Street
Hamburg, NY  14075

Laurie A. Baker, Esq.
Cheryl Meyers Buth, Esq.
Meyers Buth Law Group
21 Princeton Place
Suite 105
Orchard Park, New York 14127

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDRE MURPHY,

                        Plaintiff,

   -vs-                                                    15-CV-6676

**FRANK NOWICKI**, a present or former
Correction Officer, Attica Correctional
Facility, **ROBERT REINARD**, a present or former
Correction Officer, Attica Correctional
Facility, **CRAIG REJMAN**, a present or former
Correction Officer, Attica Correctional
Facility, **TOM WILSON**, a present or former
Correction Officer, Attica Correctional
Facility, **CO MCINNIS**, a present or former
Correction Officer, Attica Correctional
Facility, **PETER MARCHE**, a present or former
Employee at Attica Correctional
Facility,
                        Defendants.
_____

## CERTIFICATE OF SERVICE

     I, Shane M. Costa, hereby certify that on June 8, 2018, I electronically filed the foregoing Amended Answer using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Robert J. Boyle, Esq.
277 Broadway
Suite 1501
New York, NY 10007

Moira Meltzer-Cohen, Esq.
277 Broadway
Suite 1501
New York, NY 10007

Laurie Baker, Esq.
Cheryl Meyers Buth, Esq.

Meyers Buth Law Group
21 Princeton Place
Suite 105
Orchard Park, NY 14127

Rodney O. Personius, Esq.
Personius Melber LLP
2100 Main Place Tower
Buffalo, NY 14202

Daniel J. Henry, Jr., Esq.
Villarini & Henry
16 Main Street
Hamburg, NY 14075

                                                    /s/ Shane M. Costa
                                                    Shane M. Costa, Esq
                                                    Law Offices of Shane Costa
                                                    95 Ashland Ave #2
                                                    Buffalo, NY 14222
                                                    (716) 378-2731