UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANDRE MURPHY,

              Plaintiff

vs.

**FRANK NOWICKI**, a present or former
Correction Officer, Attica Correctional
Facility, **ROBERT REINARD**, a present or former
Correction Officer, Attica Correctional
Facility, **CRAIG REJMAN**, a present or former
Correction Officer, Attica Correctional
Facility, **TOM WILSON**, a present or former
Correction Officer, Attica Correctional
Facility, **CO MCINNIS**, a present or former
Correction Officer, Attica Correctional
Facility, **PETER MARCHE**, a present or former
Employee at Attica Correctional
Facility,
              Defendants

**DEFENDANT ROBERT REINARD'S
ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT**

15-CV-6676

_____

       Defendant Robert Reinard, by his attorneys Personius Melber, LLP, as and for his Answer

to Plaintiff's First Amended Complaint herein alleges:

## ANSWERING THE SECTION ENTITLED "PRELIMINARY STATEMENT"

       1.     Answering paragraph 1 of Plaintiff's First Amended Complaint, Defendant Robert

Reinard **ADMITS** that, on February 25, 2015, at the Attica Correctional Facility in Attica, New York

where the Plaintff was then incarcerated, Defendant Robert Reinard was required to use force in

response to the actions of Plaintiff Andre Murphy, but **DENIES** the remaining allegations and

inferences contained in said paragraph.

2.      Answering paragraph 2 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF** as to the allegations contained in said paragraph.

## ANSWERING THE SECTION ENTITLED "JURISDICTION AND VENUE"

3.      Answering paragraph 3 of Plaintiff's First Amended Complaint, Defendant Robert Reinard states that no response is necessary as the allegations assert legal conclusions only.

4.      Answering paragraph 4 of Plaintiff's First Amended Complaint, Defendant Robert Reinard states that no response is necessary as the allegations assert legal conclusions only.

## ANSWERING THE SECTION ENTITLED "JURY DEMAND"

5.      Answering paragraph 5 of Plaintiff's First Amended Complaint, Defendant Robert Reinard admits the allegations in said paragraph.

## ANSWERING THE SECTION ENTITLED "EXHAUSTION OF ADMINISTRATIVE REMEDIES"

6.      Answering paragraph 6 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

7.      Answering paragraph 7 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the

allegations contained in said paragraph.

## ANSWERING THE SECTION ENTITLED "PARTIES"

8.      With respect to paragraph 8 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph except the race-related allegation, which is not answered in accordance with the May 25, 2018 Order of United States Magistrate Judge Marian W. Payson [Doc. No. 66].

9.      Answering paragraph 9 of Plaintiff's First Amended Complaint, Defendant Robert Reinard states that no response is necessary as the allegations are not directed to this answering defendant, but insofar as a response may be deemed necessary, this answering defendant **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations and inferences contained in said paragraph.

10.     Answering paragraph 10 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **ADMITS** that he is a present employee of the New York State Department of Corrections and Community Supervision and held the position of Corrections Officer at Attica Correctional Facility on February 25, 2015, and **DENIES** the remaining allegations and inferences contained in said paragraph.

11.     Answering paragraph 11 of Plaintiff's First Amended Complaint, Defendant Robert Reinard states that no response is necessary as the allegations are not directed to this answering defendant, but insofar as a response may be deemed necessary, this answering defendant **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations and

inferences contained in said paragraph.

12.     Answering paragraph 12 of Plaintiff's First Amended Complaint, Defendant Robert Reinard states that no response is necessary as the allegations are not directed to this answering defendant, but insofar as a response may be deemed necessary, this answering defendant **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations and inferences contained in said paragraph.

13.     Answering paragraph 13 of Plaintiff's First Amended Complaint, Defendant Robert Reinard states that no response is necessary as the allegations are not directed to this answering defendant, but insofar as a response may be deemed necessary, this answering defendant **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations and inferences contained in said paragraph.

14.     Answering paragraph 14 of Plaintiff's First Amended Complaint, Defendant Robert Reinard states that no response is necessary as the allegations are not directed to this answering defendant, but insofar as a response may be deemed necessary, this answering defendant **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations and inferences contained in said paragraph.

15.     Answering paragraph 15 of Plaintiff's First Amended Complaint, Defendant Robert Reinard states that no response is necessary as the allegation asserts a legal conclusion.

## ANSWERING THE SECTION ENTITLED "STATEMENT OF FACTS"

16.     Answering paragraph 16 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the

4

allegations contained in said paragraph.

17.     Answering paragraph 17 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

18.     Answering paragraph 18 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

19.     Answering paragraph 19 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

20.     Answering paragraph 20 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

21.     Answering paragraph 21 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

22.     Answering paragraph 22 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

23.     Answering paragraph 23 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

24.     Answering paragraph 24 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

25.     Answering paragraph 25 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

26.     Answering paragraph 26 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

27.     Answering paragraph 27 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

28.     Answering paragraph 28 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

29.     Answering paragraph 29 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

30.     Answering paragraph 30 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

31.     Answering paragraph 31 of Plaintiff's First Amended Complaint, Defendant Robert

Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

32.     Answering paragraph 32 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

33.     Answering paragraph 33 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

34.     Answering paragraph 34 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **ADMITS** that he responded to an altercation involving Plaintiff Andre Murphy and **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the remaining allegations and inferences contained in said paragraph.

35.     Answering paragraph 35 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES** the allegations and inferences contained in said paragraph.

36.     Answering paragraph 36 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES** the allegations and inferences contained in said paragraph.

37.     Answering paragraph 37 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES** the contention he did not resist and **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the remaining allegations contained in said paragraph.

38.     Answering paragraph 38 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the

allegations contained in said paragraph.

39.     With respect to paragraph 39 of Plaintiff's First Amended Complaint, Defendant Robert Reinard declines to answer this singular race-related allegation in accordance with the May 25, 2018 Order of United States Magistrate Judge Marian W. Payson [Doc. No. 66].

40.     Answering paragraph 40 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES** the allegations and inferences contained in said paragraph.

41.     Answering paragraph 41 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **ADMITS** that on February 25, 2015, Plaintiff was handcuffed behind his back and **DENIES KNOWLEDGE AND INFORMATION SUFFICIENT TO FORM A BELIEF** as to the remaining allegations and inferences contained in said paragraph.

42.     Answering paragraph 42 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

43.     Answering paragraph 43 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

44.     Answering paragraph 44 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

45.     Answering paragraph 45 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

46.     Answering paragraph 46 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES** the allegations and inferences contained in said paragraph.

47.     Answering paragraph 47 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES** the allegations and inferences contained in said paragraph.

48.     Answering paragraph 48 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **ADMITS** the allegations of said paragraph.

49.     Answering paragraph 49 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

50.     Answering paragraph 50 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

51.     Answering paragraph 51 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

52.     Answering paragraph 52 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES** the allegations and inferences contained in said paragraph.

53.     Answering paragraph 53 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **ADMITS** the allegations of said paragraph.

54.     Answering paragraph 54 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **ADMITS** the allegations of said paragraph.

55.     Answering paragraph 55 of Plaintiff's First Amended Complaint, Defendant Robert

Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

56.     Answering paragraph 56 of Plaintiff's First Amended Complaint, Defendant Robert Reinard asserts that no response is necessary as the allegations are not directed to this answering defendant, but insofar as a response may be deemed necessary, this answering defendant **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations and inferences contained in said paragraph.

57.     Answering paragraph 57 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

58.     Answering paragraph 58 of Plaintiff's First Amended Complaint, Defendant Robert Reinard asserts that no response is necessary as the allegations are not directed to this answering defendant, but insofar as a response may be deemed necessary, this answering defendant **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations and inferences contained in said paragraph.

59.     Answering paragraph 59 of Plaintiff's First Amended Complaint, Defendant Robert Reinard asserts that no response is necessary as the allegations are not directed to this answering defendant, but insofar as a response may be deemed necessary, this answering defendant **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations and inferences contained in said paragraph.

60.     Answering paragraph 60 of Plaintiff's First Amended Complaint, Defendant Robert Reinard asserts that no response is necessary as the allegations are not directed to this answering

defendant, but insofar as a response may be deemed necessary, this answering defendant **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations and inferences contained in said paragraph.

61.     Answering paragraph 61 of Plaintiff's First Amended Complaint, Defendant Robert Reinard asserts that no response is necessary as the allegations are not directed to this answering defendant, but insofar as a response may be deemed necessary, this answering defendant **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations and inferences contained in said paragraph.

62.     Answering paragraph 62 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES** the allegations and inferences contained in said paragraph.

63.     With respect to paragraph 63 of Plaintiff's First Amended Complaint, Defendant Robert Reinard declines to answer this single race-related allegation in accordance with the May 25, 2018 Order of United States Magistrate Judge Marian W. Payson [Doc. No. 66].

64.     Answering paragraph 64 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

65.     Answering paragraph 65 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

66.     Answering paragraph 66 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES** the allegations and inferences contained in said paragraph.

67.     Answering paragraph 67 of Plaintiff's First Amended Complaint, Defendant Robert

Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

68.     Answering paragraph 68 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

69.     Answering paragraph 69 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations contained in said paragraph.

70.     Answering paragraph 70 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES** the allegations and inferences contained in said paragraph.

## AS AND FOR A RESPONSE TO PLAINTIFF'S FIRST CAUSE OF ACTION

71.     Answering paragraph 71 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **REPEATS AND RE-ALLEGES** each and every response to the allegations contained in paragraphs 1-70, above, with the same force and effect as if fully set forth herein.

72.     Answering paragraph 72 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES** the allegations and inferences contained in said paragraph.

## AS AND FOR A RESPONSE TO PLAINTIFF'S SECOND CAUSE OF ACTION

73.     Answering paragraph 73 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **REPEATS AND RE-ALLEGES** each and every response to the allegations contained in

paragraphs 1-72, above, with the same force and effect as if fully set forth herein.

74.     Answering paragraph 74 of Plaintiff's First Amended Complaint, Defendant Robert Reinard asserts that no response is necessary as the allegations are not directed to this answering defendant, but insofar as a response may be deemed necessary, this answering defendant **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations and inferences contained in said paragraph.

## AS AND FOR A RESPONSE TO PLAINTIFF'S THIRD CAUSE OF ACTION

75.     Answering paragraph 75 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **REPEATS AND RE-ALLEGES** each and every response to the allegations contained in paragraphs 1-74, above, with the same force and effect as if fully set forth herein.

76.     Answering paragraph 76 of Plaintiff's First Amended Complaint, Defendant Robert Reinard asserts that no response is necessary as the allegations are not directed to this answering defendant, but insofar as a response may be deemed necessary, this answering defendant **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations and inferences contained in said paragraph.

## AS AND FOR A RESPONSE TO PLAINTIFF'S FOURTH CAUSE OF ACTION

77.     Answering paragraph 77 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **REPEATS AND RE-ALLEGES** each and every response to the allegations contained in paragraphs 1-76, above, with the same force and effect as if fully set forth herein.

78.     Answering paragraph 78 of Plaintiff's First Amended Complaint, Defendant Robert Reinard asserts that no response is necessary as the allegations are not directed to this answering defendant, but insofar as a response may be deemed necessary, this answering defendant **DENIES KNOWLEDGE AND INFORMATION TO FORM A BELIEF** as to the allegations and inferences contained in said paragraph.

## AS AND FOR A RESPONSE TO PLAINTIFF'S FIFTH CAUSE OF ACTION

79.     Answering paragraph 79 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **REPEATS AND RE-ALLEGES** each and every response to the allegations contained in paragraphs 1-78, above, with the same force and effect as if fully set forth herein.

80.     Answering paragraph 80 of Plaintiff's First Amended Complaint, Defendant Robert Reinard **DENIES** the allegations and inferences contained in said paragraph.

## ANSWERING THE SECTION TITLED "PRAYER FOR RELIEF"

81.     Defendant Robert Reinard **DENIES** responsibility for any alleged damages, costs or attorney fees.

82.     Defendant Robert Reinard **DENIES** each and every remaining allegation of the Plaintiff's First Amended Complaint not hereinbefore specifically admitted or otherwise denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

83.     The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

84.     Upon trial, it may appear that some or all damages claimed by Plaintiff were brought about or contributed to by reason of Plaintiff's own acts, actions, negligence, and/or assumption of risk; if so, Plaintiff's damages, if any, must be diminished accordingly

.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

85.     Plaintiff's causes of action were not commenced within the time limit required and, therefore, are barred by the applicable statute of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

86.     Should this answering Defendant be found liable for any of Plaintiff's claimed injuries, it is alleged upon information and belief that Plaintiff failed to take steps to minimize his damages in whole or in part. Therefore, Plaintiff is foreclosed from recovery of that portion of the damages developing from his failure to mitigate.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

87.     Any and all damages sustained by the Plaintiff were caused by the acts, actions or omissions of third parties.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

88.     Defendant has, at all times, acted in conformity with all federal and state constitutional, statutory and/or regulatory provisions.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

89.     Plaintiff's action is barred, in whole or in part, pursuant to §24 of the New York State Corrections Law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

90.     Plaintiff's action is barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

91.     Defendant, at all times relevant hereto, acted without malice and under the reasonable belief this his actions were proper and in accordance with existing law.

92.     Defendant, at all times relevant hereto, acted in good faith in the lawful exercise of the discretion committed to him under federal and/or state law, and is immune from liability.

93.     Defendant did not violate any clearly established statutory or constitutional rights of the Plaintiff which a reasonable person would have known, and therefore is entitled to qualified immunity.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

94.     Upon information and belief, Plaintiff has been convicted of one or more felonies or other crimes for which there are or may be restitution orders pending.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

95.     Pursuant to Prison Litigation Reform Act §808, prior to payment of any compensatory damages to Plaintiff, the New York State Crime Victims Board is required to notify any victims of such crime for which Plaintiff was convicted and incarcerated.

96.     Upon information and belief, Plaintiff must cooperate in the notification of his victims prior to payment herein, or he should be barred from recovery.

97.     Plaintiff is not or may not be entitled to any payment herein.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

98.     Plaintiff has failed to exhaust his administrative remedies.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

99.     At the time of trial, it may appear that culpable conduct on the part of the Plaintiff resulted in or contributed to the damages claimed. In that event, and should Plaintiff recover, the amount of damages otherwise recoverable should be diminished by the proportionate relationship between the culpable conduct attributable to Plaintiff and the culpable conduct found to have caused such damages.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

100.     The Court should not proceed in the absence of persons who should be parties to this action.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

101.     Upon information and belief, Plaintiff's Complaint fails to comply with the requirements of the Prisoner Litigation Reform Act, 42 U.S.C. §1997(e).

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

102.     Plaintiff's demand for punitive damages is barred because punitive damages are not recoverable for the conduct complained of by Plaintiff.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

103.     The claims contained in the First Amended Complaint, which seek the recovery of punitive damages, violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution on the following grounds:

a.     Any assessment of  punitive damages would be excessive, penal in nature, subject Robert Reinard to multiple and retroactive liability, and deny him constitutionally adequate standards, instructions, and procedures;

b.     Plaintiff's claim for punitive damages are barred by the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and,

     c.     Plaintiff's claim for punitive damages would violate Robert Reinard's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

## <u>JURY TRIAL DEMAND</u>

A trial by jury is hereby demanded on all issues in this matter.

WHEREFORE, Defendant Robert Reinard respectfully demands judgment as follows:

1.     Dismissing the Amended Complaint herein;

2.     Directing the Plaintiff's damages, in the event the Plaintiff is entitled to recover, be diminished by the proportion of his culpable conduct causing or contributing to said damages;

3.     Directing that the liability of this answering Defendant, in the event he is found liable to the Plaintiff, be limited in accordance with the provisions of Article 16 of the Civil Practice Law and Rules; and

4.     Granting such other and further relief as the Court deems just and proper, together with the costs and disbursements of this action.

Dated:  Buffalo, New York
       June 8, 2018.

                              **/s/ Rodney O. Personius**
                              Rodney O. Personius, Esq.
                              Scott R. Hapeman, Esq
                              Personius Melber LLP
                              *Attorneys For Defendant*
                              ROBERT REINARD
                              2100 Main Place Tower

Buffalo, NY  14202
rop@personiusmelber.com
srh@personiusmelber.com


TO:   Robert J. Boyle, Esq.
       277 Broadway
       Suite 1501
       New York, NY  10007
       Moira Meltzer-Cohen, Esq.
       277 Broadway
       Suite 1501
       New York, NY  10007

CC:   Laurie A. Baker, Esq.
       Cheryl Meyers Buth, Esq.
       MEYERS BUTH LAW GROUP pllc
       21 Princeton Place
       Orchard Park, New York 14127

       Daniel J. Henry, Jr., Esq.
       Villarini & Henry
       16 Main Street
       Hamburg, NY  14075

       Shane M. Costa, Esq.
       95 Ashland, #2
       Buffalo, NY  14222

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of June, 2018, I caused the electronic filing of the

foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification

of such filing to the following:

Robert J. Boyle, Esq.
Moira Meltzer-Cohen, Esq.
*Attorneys for Plaintiff*

Laurie A. Baker, Esq.
Cheryl Meyers Buth, Esq.
MEYERS BUTH LAW GROUP pllc
*Attorney for Defendant*
  C.O. NOWICKI

Daniel J. Henry, Jr., Esq.
VILLARINI & HENRY
*Attorney for Defendant*
  C.O. REJMAN
16 Main Street
Hamburg, NY  14075
(716)  648-0510

Shane M. Costa, Esq.
*Attorney for Defendant*
C.O. WILSON
95 Ashland Ave. #2
Buffalo, NY  14222
(716) 508-8598

                                        **/s/ Rodney O. Personius**
                                        Rodney O. Personius, Esq.
                                        Scott R. Hapeman, Esq.
                                        PERSONIUS MELBER LLP
                                        *Attorney for Defendant*
                                          C.O. ROBERT REINARD
                                        2100 Main Place Tower
                                        350 Main Street
                                        Buffalo, NY  14202
                                        (716) 855-1050

rop@personiusmelber.com
srh@personiusmelber.com