UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDRE MURPHY,

                              Plaintiff,                        **SETTLEMENT AGREEMENT AND RELEASE**

-vs-

                                                          **15-CV-6676L**

C.O. NOWICKI, et al.

                              Defendants.
_____

This Settlement Agreement and General Release ("Agreement") is entered into by and among Plaintiff Andre Murphy, ("Plaintiff'), and Defendants CO Frank Nowicki, CO Robert Reinard, CO Craig Rejman, CO Tom Wilson, CO Mclnnis, and CO Peter Marche. Plaintiff and all named Defendants are collectively referred to as the "Parties."

WHEREAS, on or about November 2, 2015, Plaintiff commenced this action alleging certain causes of action against Defendants and on May 18, 2018 filed an Amended Complaint ("Litigation"), and

WHEREAS, as an expedient means of resolving this Litigation, and without any admission of liability, fault, or obligation by the parties, and in the spirit of compromise, the Parties desire to settle and resolve all claims raised in this Litigation and enter into this Agreement.

NOW, THEREFORE, in consideration of the foregoing recitals, the mutually exchanged promises and other consideration defined in this Agreement, the legal sufficiency of which is hereby acknowledged, and mutually intending to be bound, the Parties hereby contract and agree as follows:

1.      The above-entitled action be, and the same hereby is, settled in the amount of the sum of **Forty-Five Thousand Dollars ($45,000.00),** inclusive of all damages, costs and fees to be paid out of the New York §17 Public Officers' Law fund, and discontinued with prejudice  as to all named Defendants in this action. The New York State Comptroller shall tender checks as follows: 1) made payable to **ANDRE R. MURPHY, JR.,** in the amount of **$30,000.00** and mailed to his facility account at Lakeview Shock Incarceration Correctional Facility, Inmate Accounts, 9300 Lake Avenue, Brockton, New York 14716-9798 **(\*DIN# 13B3408 TO BE NOTED IN THE MEMO SECTION ON THE CHECK);** 2) made payable to **Robert Boyle, Esq.,** 277 Broadway, Suite 1501, New York, New York 10007 in the amount of **$15,000.00** representing attorneys fees owed by Plaintiff.

2.      The parties hereby agree that the Action is dismissed and discontinued with prejudice pursuant to Rule 41(a)l(A)(ii) of the Federal Rules of Civil Procedure.

(a)      Said monies are paid in full satisfaction and resolution of any and all of the claims for relief, including costs, damages, disbursements, and attorney fees, and any other fees in this Court, any other court, and administrative agency, which are the subject of the Action, and claims for relief that otherwise arise out of any of the incidents and events' alleged in the complaint and any subsequent amended complaint, including any state and federal administrative proceeding(s) arising from claims made by Plaintiff, Andre Murphy, in connection with his interaction(s) with the Defendants.

(b)      Plaintiff, Andre Murphy, hereby releases, exonerates and discharges each of the Defendants, and any and all current or former employees, officers, and/or representatives of the State of New York, in his/her/their individual and official capacities, and his/her/their heirs, executors, administrators, and assigns, and the

State of New York and the New York State Department of Corrections and Community Supervision, from any and all claims, known or unknown, whether presently asserted or not, including but not limited to state, federal or administrative claims, liabilities, and causes of actions, which relate in any way to the subject matter of the Action, and further agrees to discontinue and/or not to commence or pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claim against the Defendants and others released hereby pertaining to the underlying facts, circumstances or incidents in this Action, or any results thereof. This release includes a waiver and release of any claims related to allegations made against the State of New York, its agencies, departments, employees, and officials in the New York Court of Claims, and any other forum, related to and arising from any of the transactions, acts, omissions, and occurrences up to and including the date of this Agreement.

(c)     Nothing contained in this Stipulation shall constitute an admission or concession of liability by any Defendant, the State of New York, and/or New York State Department ofCorrections and Community Supervision regarding any of the allegations by Plaintiff made in connection with this case, including but not limited to the claims, causes of action and allegations set forth in the complaint and any subsequent amended complaint; nor shall anything contained in this Stipulation constitute an admission by any Defendant in this action that any act or omission by Defendants or any of their agents, officers or employees (current or former), individually or in their official capacity, deprived Plaintiff of any right under the Constitution, statutes, rules, regulations or other laws of the United States or the State of New York; nor shall anything contained in this Stipulation constitute an admission by any defendant in this action of any alleged failure to perform any duty under the Constitution, statutes, rules, regulations or other laws of the United States or the State of New York.

(d)     Plaintiff acknowledges and agrees any and all liens including but not limited to Medicaid, Medicare, PIP, No Fault or any other lien or claim whatsoever arising out of or in conjunction with the allegations contained in this Action are his sole responsibility and Plaintiff agrees to defend and indemnify the Defendants against any and all claims arising out of said liens.  Plaintiff represents and warrants that he is not a Medicare recipient, and that no conditional payments have been made by Medicare for any injuries claimed by Plaintiff in this litigation. Plaintiff represents and warrants that he has disclosed all information concerning payments made on behalf of him by Medicare and Medicaid that are related to the claim being released and has disclosed all information concerning any Medicare and/or Medicaid liens related to the claim being released and in the event that an undisclosed Medicare and/or Medicaid lien does exist, or in the event that Medicare and/or Medicaid asserts a lien after this release is signed, Plaintiff agrees to indemnify and hold harmless all named Defendants, their affiliates, employees, directors, officers, attorneys and insurance carriers against any and all damages, actions, claims, demands arising out of such Medicare and/or Medicaid  lien.

3.      Payment of the settlement amount set forth in paragraph 1 above is subject to the approval and audit of all appropriate New York State officials, including the Comptroller, and in accordance with the provisions of New York Public Officers' Law §17.

4.      That payment of the amount referenced in paragraph 1 will be made within one hundred twenty (120) days after the Parties have executed both this Agreement and the Stipulation of Voluntary Dismissal, unless the provisions of Executive Law § 632-a apply to Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the sixty (60) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

5.      That the Parties shall bear their own costs and  fees relating  to this proceeding and the costs and fees shall be hereby waived by the parties against each other.

6.      That this Agreement shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose except in an action or proceeding to enforce this  Agreement.

7.      Plaintiff agrees to hold the terms and provisions of this Agreement strictly confidential and will not at any time disclose to any other person or entity the existence,  terms, or provisions of this Agreement. Plaintiff agrees that he will not engage in any conduct or make any statement that disparages any of the named Defendants, and that he will not make to, or solicit from, the media or others, any comments, statements, and the like that are or may reasonably be regarded or understood as being derogatory, disparaging, or detrimental to the good name or reputation of any of the named Defendants, or encourage or advise any other person or entity to do so. If inquiry is made, the Plaintiff and his attorneys shall respond that the Litigation "has been settled." Notwithstanding the foregoing, the Plaintiff may disclose the

terms of this Agreement as necessary to his accountants, tax advisors, financial advisors, attorneys, and other agents who acknowledge and agree to be subject to the provisions of these confidentiality terms; or to governmental agencies as required by law, and as required  in response to a lawful subpoena or other similar court process, or any inquiry by a governmental or regulatory agency ("Legal Inquiry").

8.      This Stipulation embodies the entire agreement of the parties in the Action.

9.      In confirmation of the Agreement, the Plaintiff and the undersigned attorneys for the Parties to this Litigation set their signatures  below.


Dated: <u>Brocton,</u> New York
       <u>August 29</u>, 2019

      <u>s/ Andre Murphy</u>
      Andre Murphy
      Plaintiff


Dated: New York, NY
      <u>Sept. 4,</u>      2019

      Robert J. Boyle, Esq.
      *Attorney for Plaintiff Andre Murphy*
      277 Broadway
      Suite 1501
      New York, NY 10007


      By:      <u>s/ Robert J. Boyle</u>
      Robert J. Boyle, Esq.


Dated: New York, NY
      <u>August 29</u>, 2019

      Moira Meltzer-Cohen, Esq.
      *Attorney for Plaintiff Andre Murphy*
      277 Broadway
      Suite 1501
      New York, NY 10007

5

By: <u>s/ Moira Meltzer-Cohen</u>
   Moira Meltzer-Cohen, Esq.


Dated: Orchard Park, New York   Cheryl Meyers Buth, Esq.
   _____, 2019    *Attorney for Defendant CO Frank Nowicki*
             Meyers Buth Law Group, LLC
             21 Princeton Place
             Suite 105
             Orchard Park, New York 14127

             By: <u>s/ Cheryl Meyers Buth</u>
                Cheryl Meyers Buth, Esq.


Dated: Orchard Park, New York   Laurie A. Baker, Esq.
   _____, 2019     *Attorney for Defendant CO Frank Nowicki*
             Meyers Buth Law Group, LLC
             21 Princeton Place
             Suite 105
             Orchard Park, New York 14127

             By: <u>s/ Laurie A. Baker</u>
                Laurie A. Baker, Esq


Dated: Buffalo, New York    Scott R. Hapeman, Esq.
   <u>September 13</u>, 2019    *Attorney for Defendant Robert Reinardt*
             Personius Melber LLP
             2100 Main Place Tower
             350 Main Street
             Buffalo, New York 14202

6

By: <u>s/ Scott R. Hapeman</u>
   Scott R. Hapeman, Esq.


Dated: Hamburg, NY
   _____, 2019  Daniel J. Henry, Jr., Esq.
            Attorney for Defendant Co Craig Rejman
            Villarini & Henry
            16 Main Street
            Hamburg, NY 14075


By: <u>s/ Daniel J. Henry</u>
   Daniel J. Henry, Jr., Esq.


Dated: Buffalo, New York
   _____, 2019 Shane M. Costa, Esq
            *Attorney for Defendant CO Tom Wilson*
            95 Ashland, #2
            Buffalo, NY 14222


By: <u>s/Shane Costa</u>
   Shane M. Costa, Esq.


Dated: Rochester, New York
   <u>September 26</u>, 2019 Heather L. McKay
            New York State Attorney General's Office
            *Attorneys for Defendants CO McInnis and*
            *Peter Marche*
            Department of Law
            144 Exchange Boulevard
            Rochester, NY 14614

By:     <u>s/ Heather L. McKay</u>
        Heather Lynn McKay, Esq.

**CERTIFICATE OF SERVICE**

I certify that on January 2, 2020, I electronically filed the foregoing Settlement Agreement and

Release on the behalf of the Defendants with the Clerk of the District Court using CM/ECF system,

which sent notification of such filing to the following:

1. Moira Meltzer-Cohen
   Moira Meltzer-Cohen, Attorney at Law
   277 Broadway
   Suite 1501
   New York, NY 10007

2. Robert Joseph Boyle
   277 Broadway
   Suite 1501
   New York, NY 10007

3. Cheryl Meyers Buth
   Meyers Buth Law Group PLLC
   21 Princeton Place
   Orchard Park, NY 14127

4. Scott R. Hapeman
   Personius Melber LLP
   2100 Main Place Tower
   350 Main Street
   Buffalo, NY 14202

5. Daniel J. Henry , Jr.
   VILLARINI & HENRY, L.L.P.
   16 Main Street
   Hamburg, NY 14075

6. Shane M. Costa
   Law Offices of Shane Costa
   95 Ashland Avenue, #2
   Buffalo, NY 14222

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendants*

 s/ Heather L. McKay
HEATHER L. MCKAY
Assistant Attorney General of Counsel
NYS Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York 14614
Telephone:  (585) 546-7430
heather.mckay@ag.ny.gov